F. W. JONES, MILDRED A. JONES, F. W. JONES, JR., and D. B. JONES v. FEDERAL FARM MORTGAGE CORPORATION.

182 So. 226.
Division A.
Opinion Filed June 14, 1938.
Rehearing Denied July 1, 1938.

*Leitner & Leitner,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

BUFORD, J.—The appeal brings for review order denying motion to dismiss bill of complaint as against the appellants.

The bill of complaint was for the purpose of foreclosing mortgage.

The appellants were alleged to be, and admitted that they are, the heirs at law of the deceased mortgagor who died intestate since the enactment of the 1933 Probate Act. Section 24 of that Act provides, in part, as follows:

"ORDER OF SUCCESSION. The real and personal property of an intestate shall descend and be distributed as follows: 1. To the surviving spouse and lineal descendants, the surviving spouse taking the same as if he or she were one of the children."

The bill of complaint alleges that F. W. Jones was the husband of, and that Mildred A. Jones, F. W. Jones, Jr., and D. B. Jones, a minor, were the children of deceased mortgagor.

Section 106 of the Probate Act, *supra,* provides, in part, as follows: "In all actions or suits involving the title to real property against an estate for the possession or recovery of real property or for the purpose of quieting title thereto, the personal representative and the heirs of devisees of such property shall be made parties."

It must be conceded that a suit to foreclose a mortgage involves the title to the property covered by the mortgage.

The bill of complaint was filed against F. W. Jones, a citizen and resident of Ocala, Florida, Mildred A. Jones, F. W. Jones, Jr., and D. B. Jones, a minor, all residents of Arcadia, Florida, and sole surviving heirs at law of Rebecca E. Jones, and other defendants. It alleged that no administration had been had upon the estate of the said

Rebecca E. Jones, nor has a Guardian *ad litem* been appointed in behalf of the minor defendant, D. B. Jones.

The bill prayed that an order be made and entered appointing some suitable person as administrator *ad litem* of the estate of the said Rebecca E. Jones, deceased, to take whatever steps may be necessary in behalf of said estate in this suit and further prayed an order appointing some suitable person as Guardian *ad litem* for the defendant, D. B. Jones, to defend and protect the interest, if any, of the said minor in this suit.

Mr. Redfearn in his work "Wills and Administration of Estates in Florida," Section 147, says:

"Under the common law, the title to real estate descended up to the heir upon the death of the owner intestate, and to the devisee upon the death of the owner testate. This common-law rule was changed by The Probate Act of 1933 to the extent that the title vests as aforesaid, but the right of possession passes to the personal representative, and the realty, as well as the personalty, becomes assets in the hands of the personal representative. The personal representative may sell the real estate in the same manner as personal property is sold for the payment of the debts of the deceased and other claims and charges against the estate.

"As the personal representative has the possession of the real estate and personal property during the administration, the heirs, legatees, or devisees are not entitled to the possession until the assent of the personal representative has been obtained. This assent cannot be forced until after the expiration of ten calendar months from the date on which letters were granted to the personal representative. After the expiration of that time, proceedings may be instituted to compel assent by the delivery or conveyance of the assets, real and personal. Forced assent is not necessary

as the personal representative may make voluntary application to the county judge for an order allowing him to distribute the assets of the estate at any time after the time for filing claims against the estate has expired and after all claims against the estate have been paid or provision made for the payment thereof."

And, in Section 267, he says: "At the death of the owner of any personal property, the title vests in his personal representative, and during the administration the personal representative is entitled to the possession of the same. Except as to the homestead, the title to real estate, at the death of the owner intestate, vests in his heirs at law; and, upon his death testate, the title vests in the devisees. Under the Probate Act of 1933, the personal representative is entitled to take possession of all the estate of the decedent, real and personal, except the homestead. He is entitled to the rents, income, issues, and profits of all such property, except the homestead, whether accruing before or after the death of the decedent, and of the proceeds arising from the sale, lease, or mortgage of the same, or any part thereof. All such property and the rents, income, and profits therefrom are assets in the hands of the personal representative for the payment of legacies, debts, family allowance, estate and inheritance taxes, claims, charges and expense. of administration, and for the purpose of enforcing contribution and the equalization of advancements.

"If personal property is held adversely to an estate which has no personal representative, the proper way to recover it is to have a personal representative appointed and have him bring suit in his name as such representative. The same rule applies to the collection of any indebtedness due the estate. For the protection of all parties, if any assets are to be collected for an estate, the collection should be made by a curator or personal representative.

"Heirs or devisees will be permitted to maintain. an action or a suit for the possession or recovery of real property of the estate or for the purpose of quieting title thereto, against anyone except the personal representative, and the possession of the personal representative shall be deemed the possession of the heir or devisee for the purpose of such suit or action."

So it is well recognized that while the personal representative of an intestate decedent is entitled to the possession and control of real estate except the homestead as an asset of the estate of the decedent, the heirs at law of the decedent have a definite interest in the title to such real estate unless, and until, it becomes necessary for the personal representative to sell and dispose of such real estate to pay the debts of the decedent. When suit is instituted to foreclose a mortgage made, executed and delivered by one who has since the execution of the same died intestate, the heirs at law of such decedent are not only proper but necessary parties to such suit.

The order appealed from is affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.