F. W. JONES, MILDRED A. JONES, F. W. JONES, JR., and D. B. JONES v. FEDERAL FARM MORTGAGE CORP.

188 So. 804
Opinion Filed May 19, 1939
Rehearing Denied June 2, 1939

*Leitner & Leitner,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

TERRELL, C. J.—This is a mortgage foreclosure and the second time it has appeared in this Court. See F. W. Jones, *et al.,* v. Federal Farm Mortgage Corporation, 132 Fla. 807, 182 So. 226. The instant appeal is from a decree striking an amended answer to the bill of complaint, the defense proffered therein being that the mortgage was void because it covered the homestead and the mortgagor was at the time the head of a family and could not execute such a mortgage.

The sole question presented for adjudication is whether or not Rebecca E. Jones, the mortgagor, was the head of a family at the time she executed the mortgage.

It is not disputed that Mrs. Jones was a free dealer when she executed the mortgage, that she executed it to secure a loan, that the lands mortgaged were in her name at the time and had been for a long time, that she and her husband had lived on the lands for years as their home, that Mr. Jones was a jeweler and for business reasons had moved to another place while Mrs. Jones had continued on the mortgaged lands with the children, that Mr. Jones had made some contribution to the family support, that he and Mrs. Jones had never been divorced, that Mrs. Jones is now dead and that the heirs of Mrs. Jones are the real parties to this litigation.

We are mindful of the rule to the effect that circumstances may constitute a married woman the head of the family, entitled to the benefits of the homestead exemption, Section 1, Article X, Constitution of Florida, but on the facts detailed herein, the Chancellor declined to so decree

and we are convinced that his judgment should be overthrown. It is settled law that the homestead cannot be mortgaged without the joint consent of husband and wife but whether or not the wife is the head of the family is a question of fact that must be determined by proof and that burden was not carried in this case.

We express no opinions as to the mortgagor's power to execute the mortgage by virtue of her being a free dealer and the mortgaged property being in her name. Such had been the case for many years but the question is not invoked or relied on in this proceeding.

Affirmed.

WHITFIELD, P. J., and BROWN, CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., dissents.