MATHEWS, Justice.
This is an appeal from a final decree finding that certain property was not homestead property.
It appears from the record that the appellant and her former husband acquired the property on January 3, 1950. Later the appellant and her husband were divorced. On July 16, 1952, Earl T. Helmly, the former husband, quitclaimed the 'property to the appellant Verna H. Helmly, now Mrs. Dejonge. On January 21, 1953, the appellant Verna H. Helmly married Ray De-jonge and they immediately began living on the property of Mrs. Dejonge, which is the property now in question. It appears from the testimony of the appellants that since their marriage on January 21, 1953, Mr. Dejonge made mortgage payments of $71 per month on the property in question and painted the kitchen and bathroom of the property. A judgment was entered against Mrs. Dejonge in the Civil Court of Record for Dade County, which was recorded with the Clerk of the Circuit Court on November 19, 1953 and November 24, 1953, respectively. It is apparent that the only mortgage payments involved are those made after the marriage of January 21, 1953, until November, 1953.
It was claimed that the property in question was exempt from execution issued under the authority of a judgment above mentioned because the property was homestead property.
The debt in question was not the debt of Ray Dejonge but was the debt of his wife. The property in question was not his property and he furnished no money to acquire title to the property. It was the property of his wife and was acquired by her from her first husband. Ray Dejonge had no connection whatsoever with the property until he married the owner of the property and then his only connection was to live on the property, do minor repairs such as paint the kitchen and bathroom, and pay some monthly mortgage payments on the property. The record fails to disclose any agreement that the title to the property would be in Mrs. Dejonge and the beneficial interest would be in her husband. The entire question of a homestead appears to be an afterthought after a judgment was obtained against Mrs. Dejonge and execution was issued and levied upon her separate property. The husband has a right to pay monthly payments on the wife’s property and to paint the kitchen and bathroom of such property. Such acts in the absence of anything else will not make such property homestead property even though the husband and wife may be living upon the property.
The appellants rely upon the case of Bessemer Properties, Inc., v. Gamble, 158 Fla. 38, 27 So.2d 832. In that case the husband had purchased the land and had the deed executed to his wife. The wife made no contribution of any kind to the acquisition of the property. She had not received the *275 property as a gift from her husband. After having acquired the property in the wife’s name, the husband constructed a home on the property and made other expenditures. He was the head of the family. The husband claimed the property as his homestead and his claim was upheld by the Circuit Court and the bill of complaint dismissed, and the action of the Circuit Court was affirmed by this Court. There is no similarity between the two cases.
Other similar cases are cited by the appellants which are not applicable to the facts as shown by the record in this case.
The Circuit Judge heard the testimony personally and entered a final decree in which he said:
“ * * * The Court does further find that Verna H. Helmly Dejonge was not the head of a family at the time judgment was entered against her in the Civil Court of Record in and for Dade County, Florida, nor at the time said Judgment was recorded with the Clerk of this Court, viz., November 19, 1953 and November 24, 1953, respectively, nor has she become the head of a family any time since then. It is evident that Ray Dejonge is and was at all times involved in the proceedings in the Civil Court of Record and in this cause, the head of the family and accordingly, the Court determines that Verna H. Helmly Dejonge is not entitled to Homestead Exemption on the property heretofore levied upon and sold to satisfy the judgment of the mentioned Civil Court of Record, the said property having been her separate property acquired by her prior to her marriage to Ray Dejonge. * * *”
Affirmed.
ROBERTS, C. J., and THOMAS, SE-BRING, HOBSON and DREW, JJ., concur.
TERRELL, J., dissents.