SEBRING, Justice.
Elizabeth Hathaway and Alfred E. Hathaway, her husband, resided in Lake County, Florida. On April 1, 1950, they executed two warranty deeds conveying two separate parcels of property in Lake County to Mrs. Hathaway’s brother and sister, Norman Marquette and Jessie Green. Contemporaneous with and as a part of the transaction, Norman Marquette and Jessie Green executed an instrument which recited the fact of the execution of the respective deeds to them and provided “that as part consideration for the conveyance of said parcels of land, the said Alfred E. Hathaway, and * * * Elizabeth M. Hathaway, shall have the right to use and occupy said parcels of land, for and [during] their respective lives, free of any cost or expense to them, because of said occupancy.” In May, 1950, the Hathaways executed a trust instrument wherein and whereby they assigned the title to certain stocks and bonds held and owned by them to Jessie Green and one Isabelle Kegley, in trust, however, for certain uses and purposes expressed in the instrument.
The Hathaways went to Ohio in 1952, to reside temporarily at the homes of Marquette and Green. While there, Mr. Hathaway died and Elizabeth Hathaway became the sole owner of her husband’s interest in the properties. In August, 1952, the Probate Court of Ashland County, Ohio, appointed a guardian of the person and property of Elizabeth Hathaway on the ground of incompetency. At a later date Mrs. Hathaway returned to Florida and a curator was appointed under Florida law to take charge of and manage her properties. After this appointment had been made the Probate Court of Ashland County, Ohio, on July 1, 1953, entered an order requiring the Ohio guardian to make and file his final accounting and decreed “that upon approval of the same according to law, said guardianship shall be terminated.” Pursuant to this order the guardian made a final accounting and turned over the assets in his hands to the Florida curator. Subsequently on October 27, 1953, Isabelle *650 Kegley, who had become the sole surviving trustee under the trust instrument executed in May, 1950, because of the death of Jessie M. Green, turned over the stocks and bonds that were the subject matter of the trust instrument to George J. White, the Florida “curator of the Estate of Elizabeth M. Hathaway, Incompetent.”
On July 14, 1953, Elizabeth Hathaway instituted suit in the Circuit Court of Lake County, Florida, against Norman J. Marquette and the “Estate of Jessie M. Green, Deceased” to set aside the deeds made on April 1, 1950, on the ground that they had been procured through fraud, in that “no life interest is retained by the grantors in said [deeds] as was represented to the complainant.” At a later date Elizabeth Hathaway filed an amendment to the complaint to include a claim for the return of the stocks and bonds assigned to Jessie M. Green and Isabelle Kegley, as trustees, by the trust agreement of May, 1950; but inasmuch as the record shows that said securities were delivered to the curator during the pendency of the suit they need not be considered in this controversy.
In due course an answer was filed by an attorney for Norman J. Marquette and the “Estate of Jessie M. Green, Deceased, by Isabelle C. Kegley, Executrix,” which, in effect, admitted the execution of the deeds, denied the exercise of any fraud in their procurement, offered to convey a life estate in the real property to the original grantor if the agreement executed on April 1, 1950, did not sufficiently effectuate that purpose, and questioned the right of the plaintiff to maintain the action because of her alleged legal incompetency.
Testimony was taken before a special examiner on the issues made by the pleadings. At final hearing the trial court found, upon the unsupported testimony of the plaintiff, that “the complainant executed said deeds because of the coercion and misrepresentation of the defendants” and did not “understand the purpose or intent of said deeds;” and concluded that the deeds had been procured through fraud and should be cancelled.
On this appeal the defendants question the right of the plaintiff to maintain the suit because of alleged incompetency, and the ruling of the trial court wherein he can-celled the deeds upon the unsupported testimony of the plaintiff.
It is plain from the record that at the time plaintiff instituted her suit against the defendants a curator had been appointed under the laws of Florida to take charge of, manage and conserve her property. Section 747.18, Florida Statutes 1951, F.S.A., provides in respect to the powers and duties of a curator, that “ * * * a curator shall have the powers and be subject to the same duties over and concerning the property of a ward as may be by law had and exercised by the guardians of the property of infants * * and section 744.61, Florida Statutes 1951, F.S.A., dealing with the guardianship of the persons and property of infants provides that “suits to enforce or to declare rights of the ward shall be brought jointly in the name of the guardian and the ward.” (Emphasis supplied.)
While the plaintiff in the instant case has clearly failed to comply with the foregoing provisions, in that the curator was never made a party to the proceeding, that failure would appear to be immaterial under the circumstances. No point has been made of the error, either before the lower court or upon appeal, defendants’ objections to plaintiff’s capacity being based upon certain proceedings in Ohio, now terminated, of a nature similar to the Florida statutory curatorship. See section 10507-1, Ohio Gen.Code. Since our statute places the ward of a curator in this state in the same position as a minor under guardianship, the prevailing rule in respect to the latter situation should control, i.e., that a requirement of joinder of the guardian is not generally regarded as jurisdictional. 25 Am.Jur., Guardian and Ward, Sec. 152; 39 C.J.S., Guardian and Ward, § 175, pp. 315, 319; 43 C.J.S., Infants, § 108, pp. 281, 282. Cf. Lanier v. Chappell, 2 Fla. 621. It would appear from the record that no prejudice resulted from the omission, precluding, in all probability, an ob *651 jection by either party upon this ground. See Adams v. Cook, 91 Vt. 281, 100 A. 42; Perkins v. Stimmel, 114 N.Y. 359, 21 N.E. 729.
As to the second question raised, the conclusion of the court below on the invalidity of the instruments involved appears to have been based upon its finding of the existence of coercion or undue influence as well as alleged misrepresentation by the grantees. On the latter issue the plaintiff claimed to have been deceived by the failure to provide in the deeds for retention of a life estate. But that omission, far from requiring or serving as an adequate ground for cancellation of the challenged deeds, was shown to be immaterial as between the parties by virtue of the agreement executed simultaneously by the grantees to provide expressly for such a life estate, and was susceptible of complete remedy in this case by a simple acceptance of the offer in defendants’ answer to convey a life estate to the grantor if the instrument did not, in fact, accomplish this purpose.
The chief grievance asserted’ by plaintiff in her testimony but not referred to in her complaint, was a supposed failure by Norman Marquette, her brother, and her sister, Jessie Green, to take care of her as promised in consideration of the conveyance: “They did not take good care of us and I think the $3,000 I have already given him is plenty, and I don’t see why he should have the property.” But even if failure of consideration could have been made the basis of the plaintiff’s claim, see Steak House, Inc., v. Barnett, Fla., 65 So.2d 736; Anders v. Anders, 143 Fla. 721, 197 So. 451, the overwhelming weight of the evidence in the record is that there was in fact no fraud perpetrated in this respect, but that the grantees have made every reasonable effort to care for their aged relative.
In respect to the issues expressly raised on appeal, there remains, then, only the question of whether the deeds were void as having been executed pursuant to coercion or undue influence upon the grantor, while she was in a debilitated physical condition during convalescence from surgery and unable to see to read for herself the instruments in question. On this point the law is clear that the existence of a fiduciary relationship between the parties to a transaction creates a presumption of influence which imposes upon the one receiving the benefit the burden of proving that the transaction was bona fide and that it was not secured by undue influence. Peacock v. DuBois, 90 Fla. 162, 105 So. 321; Nelson v. Brown, 164 Ala. 397, 51 So. 360. 9 Am.Jur., Cancellation of Instruments, Sec. 61, p. 401.
In fulfillment of this obligation, at least two independent third-party witnesses testified as to the circumstances surrounding the execution of the instruments—that the grantors, the plaintiff and her husband, gave every evidence of an ability to exercise their own judgment; that the plaintiff expressed a desire to convey the properties to the grantees and asked witnesses to sign for that purpose; and that there was no indication of any coercion or controlling influence over her. The plaintiff’s own testimony, while contradictory in some respects, contains no reference to coercion other than a statement, in response to her own counsel’s inquiry as to whose idea it was that she convey the property to her sister and brother, that “It was my idea after they talked to me;” and, at another point, that “they got it all up so quick that I hardly knew what was going on.”
Although there is conflict as to whether the deeds were actually read to plaintiff in full, her testimony contains repeated acknowledgment of the fact that she was aware of their nature as conveyances. This necessarily follows from her adamant assertion that she understood she was retaining a life interest or estate in the properties.
Upon a consideration of the entire record it seems plain, even under the rule of evidence cited above, that the integrity of the transactions was never impeached, and that the present proceeding results primarily from a subsequent change of mind on the part of a party to a solemn deed which was legally efficacious in every way.
*652 There is still another question that must be considered even though it was not raised by either party to this proceeding. As has been noted, the defendants in the cause were named as Norman J. Marquette and the “Estate of Jessie M. Green.” To the complaint in the cause an answer was filed by “Estate of Jessie M. Green, Deceased, by Isabelle C. Kegley, Executrix.” Section 733.02, Florida Statutes 1951, F.S.A., provides that “In all actions or suits involving the title to real property, against an estate for the possession or recovery of real property * * * the personal representative and the heirs or dev-isees of such property shall be made parties.(Emphasis supplied.) While the foregoing answer may have been sufficient to subject the “Estate of Jessie M. Green” to the jurisdiction of the court, it is difficult to understand how the answer could have brought the “heirs or devisees” of the decedent into court. Consequently, it would seem that the suit was defective for lack of necessary and indispensable parties defendant without which no proper decree binding their interest could have been lawfully entered. Steere v. Tention, 46 Fla. 510, 35 So. 106; Jones v. Federal Farm Mtg. Corp., 132 Fla. 807, 182 So. 226. Though this Court is loath to take cognizance of errors not properly brought here by assignments of error, we think that this is such a fundamental defect in the pleadings and proceedings that it is our duty to take note of it. See Anders v. Nicholson, 111 Fla. 849, 150 So. 639; Smith v. Pattishall, 127 Fla. 474, 129 Fla. 498, 176 So. 568.
From the conclusions reached it follows that the decree appealed from should be reversed and the cause remanded for further proceedings in accordance with this opinion, insofar as it affects the parcel of property that was deeded to Jessie M. Green and is now involved in the “Estate of Jessie M. Green, Deceased,” and for the entry of a decree for defendant, Norman J. Marquette, in respect to property conveyed to him.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.