119 So.2d 398 (1960)
William ABERNATHY and Ruth Abernathy, Appellants,
v.
Carolyn GRUPPO, Also Known As Carolyn Olaf, Appellee.
No. 59-487.
District Court of Appeal of Florida. Third District.
March 14, 1960.
Rehearing Denied April 25, 1960.
*399 Battisti & Persandi, Coral Gables, for appellants.
Albert M. Lehrman, Miami Beach, for appellee.
MILLEDGE, STANLEY, Associate Judge.
On October 8, 1958, the plaintiffs (appellants) obtained a judgment in the circuit court in Dade County for $4,000 and costs. Shortly thereafter a writ of execution issued and the sheriff levied on some land as the property of the defendant. Before the date of the sheriff's sale the defendant filed her homestead and exemption notice. The plaintiffs then filed a complaint in the circuit court in Dade County, seeking a decree determining that the land was not exempt from levy as the homestead of the defendant. After a trial the circuit judge, finding that the equities of the cause were with the defendant, dismissed the complaint. A petition for rehearing was denied by an order stating the chancellor's view of the applicable rules of law. The plaintiffs appealed.
The defendant, Mrs. Gruppo, was divorced from her prior husband, Edward Olaf, in 1954 or 1955. As part of the settlement of the financial aspect of that suit the present Mrs. Gruppo bought Mr. Olaf's interest in their former home for $6,500 and became the sole owner. She lived in the home. A little later she married Mr. Gruppo and he moved into the home where they both lived together until Mr. Gruppo died on May 10, 1958. From the date of Mrs. Gruppo's acquisition of Mr. Olaf's interest there has been no change of ownership. In December of 1958 Mrs. Gruppo's sister came to live in the home. She had lived there previously in each of several preceding years for short periods. The sister was not dependent on Mrs. Gruppo for support and there is nothing in the evidence upon which to base a conclusion that Mrs. Gruppo was head of a family consisting of herself and the sister. Even if Mrs. Gruppo did become the head of a family in December 1958, this could not create an exemption when the lien of the judgment had previously attached. Pasco v. Harley, 73 Fla. 819, 75 So. 30.
The chancellor was of the opinion that upon the death of Mr. Gruppo the homestead "inured" to Mrs. Gruppo. We think there was nothing to inure, since the land was not subject to exemption during Mr. Gruppo's lifetime. Mr. Gruppo was the head of the family. "The husband, unless incapacitated from executing the authority and performing the duty, is head of the family." 26 Am.Jur., Husband and Wife, § 10, p. 638. Far from showing that the normal condition did not here exist, the evidence supports the presumption that Mr. Gruppo was head of the family. He was gainfully employed, and Mrs. Gruppo was not. Property owned by a wife does not become homestead merely because it is the home of herself and her husband who is the head of the family. Nelson v. Franklin, 152 Fla. 694, 12 So.2d 771. Bessemer Properties, Inc., v. Gamble, 158 Fla. 38, 27 So.2d 832, taken by the chancellor as authority to the contrary, holds that the ownership of the head of the family need not be of a legal title; the equitable title is sufficient. It does not hold that there may be a homestead exemption in realty not owned by the head of a family. Mr. Gruppo had no title, equitable or legal, in the home of his wife.
Crosby and Miller in "Our Legal Chameleon," 2 U.Fla.L.Rev. 12, 31 (1949), *400 summarize the matter: "Family headship and Florida residence do not alone establish exemption. The interest claimed as homestead must be owned by the claimant, or in other words headship and ownership must be joined in one individual." The significant facts in De Jonge v. Wayne, Fla. 1954, 76 So.2d 273, are much the same as those in the instant case, which could be disposed of merely on the authority of that case.
The decree appealed from is reversed with directions to enter a decree for plaintiffs in accordance with the prayer of the complaint.
Reversed and remanded with directions.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.

On Petition for Rehearing.
PER CURIAM.
The appellee's petition for rehearing includes the contention that this court's direction to the chancellor "to enter a decree for plaintiffs in accordance with the prayer of the complaint" was inappropriate because the decree reversed was one dismissing the cause on granting a motion to dismiss made by the defendant at the close of the plaintiffs' case, and before defendant had presented or had an opportunity to present her case in defense.
Our reversal of the decree entered on granting the motion to dismiss made at that stage of the case calls for a direction that the decree of dismissal be vacated and that the motion of the defendant to dismiss be denied, following which the cause may proceed to completion of the trial, as contemplated upon denial of such a motion by rule 1.35(b), F.R.C.P., 30 F.S.A., which provides that "After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." [Emphasis supplied.]
Our opinion and judgment of March 14, 1960, is modified to eliminate the direction to enter decree for the plaintiffs, and to direct that the defendant's motion to dismiss made at the conclusion of the plaintiffs' evidence be denied, and for further proceedings in the cause to be had consistent with the rule of practice above mentioned and not inconsistent with our opinion of March 14, 1960. To that extent the petition for rehearing is granted, but as to other grounds asserted the petition is denied.
It is so ordered.
PEARSON, Acting Chief Judge, CARROLL, CHAS., J., and MILLEDGE, STANLEY, Associate Judge, concur.