183 So.2d 693 (1966)
Lucile A. ANDERSON, a Free Dealer, Appellant,
v.
Harry D. GARBER and Helen E. Garber, His Wife, Appellees.
No. 65-387.
District Court of Appeal of Florida. Third District.
March 1, 1966.
Rehearing Denied March 21, 1966.
*694 Cheren & Golden, Miami, for appellant.
Taylor, Brion, Buker, Hames & Greene and Robert J. Paterno, Paul H. Laufer, Ray M. Friedman, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
This is an appeal by the defendant, Lucile A. Anderson, from a final decree in favor of the plaintiffs in a mortgage foreclosure suit.
The defendant contended that the mortgage was void because it covered the homestead and the mortgagor was at the time the head of a family and could not execute such a mortgage in which her husband did not join.
The sole question presented on appeal is whether or not the mortgagor, Mrs. Anderson, was the head of a family at the time she executed the mortgage.
It is not disputed that Mrs. Anderson was a free dealer when she executed the mortgage, to secure a loan, on property of which she is the sole owner. In July, 1960, she married James Anderson after which she, her husband and her three children by a previous marriage resided on the property. The mortgage was executed in November, 1962. Although the marriage was not terminated, Mrs. Anderson claims that at some point between July, 1960, and November, 1962, her husband abandoned his position as head of the family. Then, since she had an obligation and did, in fact, support her children she became the head of the family.
Mrs. Anderson testified that after three weeks of marriage, her husband began to stay away nights. This became a habit, and he stayed away for months at a time. Mrs. Anderson owned a plant nursery and during the periods her husband was home he worked there. She stated that her husband was able-bodied and very talented in the nursery business. Mr. Anderson worked in another nursery for a period of time in 1960 or 1961 for a salary of between $75 and $85 per week. However, Mrs. Anderson asserts that her husband has neither supported her nor her children since their marriage.
For the purposes of Article X, Section 1, Florida Constitution, F.S.A., there can only be one head of a family. While it is true that the head of a family may be a married woman, there is a presumption that the husband is the head. It is not necessary that the parties live together so long as the primary relationship of husband and wife remains intact with all the attendant duties and obligations thereby imposed upon him under our law.[1]
*695 Whether or not the wife is the head of the family is a question of fact. The chancellor concluded that Mrs. Anderson was not the head of the family and we have found nothing to disturb that finding.
Accordingly, the order appealed from is affirmed.
Affirmed.
NOTES
[1] Soloman v. Davis, Fla. 1958, 100 So.2d 177, 67 A.L.R.2d 774; Olsen v. Simpson, Fla. 1949, 39 So.2d 801; Jones v. Federal Farm Mortgage Corporation, 138 Fla. 65, 188 So. 804 (1939); Barnett v. Pan American Surety Company, Fla. App. 1962, 139 So.2d 192; In Re Kionka's Estate, Fla.App. 1959, 113 So.2d 603.