In the Matter of Hazel Mary BARNES, aka Hazel McMahon Barnes and Howard Holmes Barnes, Debtors.

Bankruptcy No. 79–1614 C.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

June 10, 1980.

Hazel Mary Barnes, pro se, Neal Weinstein, Tampa, Fla., for debtor.

George T. Hadley, trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER in controversy involves the right of Hazel Mary Barnes, one of the Debtors involved in the above-captioned proceeding to her right to exemptions which is challenged by the Trustee on the ground that under the applicable law of this State, Art. 10, § 4 of the Constitution of the State of Florida, she is not entitled to any exemptions because she is not the head of a family.

■ Ordinarily, a debtor would have the option of claiming the federal exemptions set forth in § 522(d) of the Code or the exemptions provided by the applicable State or local law. However, due to legislation of the State of Florida recently enacted pursuant to § 522(b) of the Bankruptcy Code, *Florida Statutes*, § 222.20 (1979), which prohibited the use of the federal exemptions to citizens of this State, only the State created exemptions are available in this State. Accordingly, her right to exemptions must be determined solely with reference to the laws of this State.

The facts pertinent to this controversy as developed at the final evidentiary hearing can be briefly summarized as follows:

■ Hazel Mary Barnes has been married to Howard Holmes Barnes for approximately six years. At the time of the marriage, she resided at the home owned by her with a minor child, but it is without dispute that at the time she filed her petition for order for relief pursuant to § 302 of the Code, she no longer had any minor dependants. As noted earlier, the home was, and still is, owned by her solely and the title to the real property was never transferred to Howard Holmes Barnes, her husband, either as a sole owner or as a joint tenant by the entirety with her. The Debtor, Hazel Mary Barnes, is employed as a full time manager for a convenience store chain and earns approximately $13,000 a year. The Debtor, Howard Holmes Barnes, operates a truck for an independent truck owner and

earns approximately $8,000 a year. Mr. Barnes is fully competent, does not suffer any permanent disability, and is fully capable of taking care of his and her affairs. While Hazel Mary Barnes testified that she made many decisions including the decision to institute the bankruptcy proceeding, and to obtain a second mortgage on her home, it is evident that Mr. Barnes is completely capable of discharging his duties of a head of a family. *In re Kionka's Estate*, (1959 Fla.App.) 113 So.2d 603. To qualify to be head of a family in this state, there must be at least *two* persons living together in relation of one family and one of them must be the head of that particular family. There must be a legal or moral obligation to discharge these duties and support by itself is not determinative. There is no question that the parties cannot stipulate as to the family relationship and select a head of family in a family unit. For instance, in a divided household there can be but one head of a family for the purpose of acquiring or claiming homestead exemptions. *Anderson v. Garber*, 183 So.2d 693 (1966 Fla.App.).

 A married woman who supports an independant dependant of other persons is not head of a family so long the relationship of husband and wife remains intact. *Solomon v. Davis*, (1958 Fla.) 100 So.2d 177. While a married woman may be head of a family under certain conditions during the existence of a marriage, it is a presumption that the husband is the head of the family. *Solomon v. Davis, supra*. Accordingly, an able bodied husband cannot abdicate his presumptive position as the head of a family and as long as the family relationship of a husband and wife remains intact, the husband is deemed to be head of the family unless he is unable to discharge his duties due to permanent illness, incarceration or mental incompetence. *Abernathy v. Gruppo*, 119 So.2d 398 (1960 Fla.App.).

Applying the foregoing principles to the facts involved in the present controversy, it is clear that Hazel Mary Barnes, while she earns more than her husband, does not qualify to be head of a family unit consisting of herself and her husband and, therefore, her exemption claim cannot be recognized.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's objection to the exemption claim of Hazel Mary Barnes be, and the same hereby is, sustained and her claim to exemptions under the applicable provisions of the laws of this State, Art. 10, § 4, of the Florida Constitution is disallowed. Thus, all her separately owned properties are subject to liquidation pursuant to the applicable provisions under Chapter 7 of the Bankruptcy Code.