In re Marsha SCHACHNE a/k/a Marsha S. Ginsberg, Debtor.

Bankruptcy No. 80–00609–BKC–JAG.

United States Bankruptcy Court, S. D. Florida.

Sept. 24, 1980.

---

Dale Ross, c/o Kurland & Ross, Fort Lauderdale, Fla., for debtor.

Herb Harris, Trustee, Hollywood, Fla.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

In this proceeding, the trustee objected to exemptions claimed by the debtor, Marsha Schachne a/k/a Marsha S. Ginsberg. The debtor is a married woman who filed for bankruptcy individually and whose husband has not filed bankruptcy. Debtor initially claimed a homestead exemption in their home as well as $1000 worth of clothing and jewelry.

At the hearing held September 9, 1980, debtor's testimony revealed that the house was held as a tenancy by the entirety with her husband, and she subsequently amended her schedules to claim an exemption on that basis for the real property. As a tenancy by the entirety, the real property is exempt under 11 U.S.C. § 522(b)(2)(B).

Because federal bankruptcy exemptions have been made inapplicable in Florida by § 222.20, Florida Statutes, the personal property can be exempt only if the debtor qualifies for such exemption under Article X, Section 4, Florida Constitution, F.S.A., as the head of a family. The evidence, consisting solely of the testimony of the debtor, shows that the debtor was previously married, is the mother of two minor children by that marriage, and has had custody of the children for ten years. The children reside with her and her present husband in the home owned by the debtor and her present husband, but her husband has not adopted the children. The children's father provides no support for the children. Debtor's husband began an interior decorating business and she now works full time in the business, although she is not paid a salary. Neither the debtor nor her husband has any other employment, and there was no testimony of any other source of income. The proceeds from the "family business" support the children, as well as the debtor and her husband.

There cannot be more than one head of a family for exemption purposes, where the family is living together in one household. And, although a married woman may be the head of a family for exemption purposes, where a man and woman are legally married and the marital relationship is intact, there is a presumption that the husband is the head of the household. *Solomon*

238

v. Davis, 100 So.2d 177 (Fla.1958); *Barnett v. Pan American Surety Company*, 139 So.2d 192 (Fla. 3rd D.C.A. 1962); *Anderson v. Garber*, 183 So.2d 693 (Fla. 3rd D.C.A. 1966).

 Because there cannot be one family consisting of the wife and two children plus another consisting of the husband and wife, while all are still living together, the debtor must be the head of both "families" for the debtor to be entitled to the exemption. Here she has not overcome the presumption in favor of the husband. There was no evidence at all that the husband considers the wife the head of their family. Even the debtor's own testimony did not meet that question directly, and in totality, seemed to indicate that she does *not* view herself as the head of the whole family. The fact that her husband is not legally liable for the support of her children does not preclude his being the head of a household which includes them.

Even under her theory that she is the head of the family consisting of herself and her two children, it would be necessary that she supply her own support as well as that of her children. The evidence does not demonstrate that the wife's share of the business income is sufficient to support, and is supporting the wife and the children.

For these reasons, the debtor is not entitled to any exemption of her personal property. The trustee's objection will be sustained as to the personal property and denied as to the residence held as a tenancy by the entirety. Pursuant to B.R. 921, a separate judgment is being entered this date.