In the Matter of: Sylvia Linda LAME-RAND a/k/a Sylvia Webb, Debtor.

Bankruptcy No. 81–1341.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Jan. 21, 1982.

Paul Tabio, Brandon, Fla., for debtor.

Virginia B. Bogue, Tampa, Fla., for trustee.

### ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an objection to exemption claim interposed by the Trustee of the estate, Walter Sudbury. It is the contention of the Trustee that Sylvia Linda Lamerand a/k/a Sylvia Webb, the Debtor involved in this Chapter 7 case, is not entitled to claim any exemptions under the applicable local law. Article X, § 4 of the Fla.Const., Chapter 222.

The facts as developed at the final evidentiary hearing and which control this controversy can be summarized as follows:

Sylvia Lamerand, now known as Mrs. Floyd Webb, is a married person who has two minor children from a previous marriage. She is the sole owner of the home where she resides with her two daughters and a grandchild, one of the daughters being separated from her husband. She is employed. The Debtor maried Mr. Webb on August 19, 1980. Mr. Webb is an unskilled laborer with a seventh or eighth grade education and basically has worked in his adult life as a tire changer. Although he reads and writes to some extent, he claims not to have the capability of handling any finances, and all decisions concerning the household, such as payment of bills and budgeting the funds available, are done by the Debtor. The Debtor maintains a checking account in her previous name Lamerand, and also one together with her

current husband, and most if not all the checks on these accounts are written by her. The Debtor does not receive any support from the natural father of her daughters and both of them are unemployed and she is, without question, the sole support of her two daughters and the grandchild. Mr. Webb did not adopt either of her daughters and, of course, has no legal obligation to support them.

The Debtor is a skilled hairdresser and, as it appears, she furnishes the bulk if not all the support for her family including her present husband. Mr. Webb is not incapacitated either due to physical or mental illness and he is not prevented from functioning and discharging duties of a head of a household.

■ It is the contention of the Debtor that under these facts the Debtor has overcome the presumption that in a marriage the husband is the head of the household so long as they live together as husband and wife, and that she is entitled to the exemptions that she claims. It is well to state at the outset that it is uniformly recognized that the homestead exemption laws should be liberally construed to achieve the beneficial purpose of sheltering and preserving the family unit so long as they are not used as an instrument of fraud to evade the proper and just demands of creditors. *Vandiver v. Vincent*, 139 So.2d 704 (2 DCA 1962). It is also essential to note that there can be but one head of a family and that the marital partners may not choose and select this status to suit their convenience. *Solomon v. Davis*, 100 So.2d 177 (Fla.1958); *Anderson v. Garber*, 183 So.2d 693, cert. denied 188 So.2d 820 (3 DCA 1966). It is equally clear that the determination of headship status must turn on the particular facts and circumstances of each case. *Estate of Wilder*, 240 So.2d 514 (1 DCA 1970). Whether the determination should be aided by the presumption that the husband is the head of household is, however, unclear. In light of the fact that the statutory section, upon which this gender-based presumption was based, has been repealed, there is no longer any basis in statutory law to support it. See Fla.Laws 1970, C.70–4, § 4, eff. Oct. 1, 1970. When confronted with this

issue, the Second Circuit Court of Appeal stated:

"[T]he presumption that the husband is the head of the family has been abrogated by the amendment in 1971 of Section 61.09 Florida Statutes to place a duty of support on both spouses."

*Cory v. Parks*, 386 So.2d 292 (2 DCA 1980), at 293.

■ To the extent that case law continues to support a presumption of male headship, *In re Schachne*, 6 B.R. 236 (S.D.Fla. 1980) and *In the Matter of Barnes*, 4 B.R. 600 (M.D.Fla.1980), it is not irrebuttable and, therefore, can be overcome by sufficient evidence to the contrary. Presumptions vanish in the face of rebutting evidence. *Locke v. Stuart*, 113 So.2d 402 (Fla. App.1959).

In light of the foregoing, this Court is satisfied that the Debtor is in fact the head of the family and entitled to claim the homestead exemptions set forth in Art. X, § 4 of the Florida Constitution.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Exemption interposed by the Trustee, Walter Sudbury, be, and the same hereby is, overruled.