**In re Patricia Ann SMITH, Debtor.**

**Bankruptcy No. 82–1372.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 14, 1983.

Maureen Emmet-Miller, St. Petersburg, Fla., for debtor.

Lawrence Kleinfield, trustee.

David W. Steen, Tampa, Fla., for Joseph Tessier.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

This is a proceeding arising in a case filed under Title 11, U.S.Code and the matter under consideration is the right of Patricia Ann Smith to enjoy the benefits of the exemption laws of this State under Article X, Section 4, of the Constitution of the State of Florida. Her right to exemptions is challenged by Joseph H. Tessier who timely filed an objection to the Debtor's claim of exemptions, set forth on Schedule B–4 of her Schedules. The challenge interposed by Mr. Tessier is based on the contention that she is not head of a household, therefore, under the laws of this state, she is not entitled to any exemptions.

The controlling facts relevant to this controversy are without dispute and can be briefly summarized as follows:

Patricia Ann Smith filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 12, 1982. Patricia Ann Smith, at the time she filed her petition, was married. It further appears that she has two children from previous marriages, and although it is not clear from this record, it is without dispute that she retained and has custody of the children. The children's fathers did not, in the past, and do not now materially contribute to the daughters support nor do they exercise any parental responsibility toward them.

On the date petition was filed, Debtor's present husband was gainfully employed and the Debtor was unemployed and had no income of her own from any source. Since the time she married her present husband, he has been supporting her and her children from her previous marriages, although he did not adopt the children and has no legal or moral obligation to support them.

In order to be entitled to the homestead exemption in this State, the party claiming the exemption must have some cognizable interest in the property claimed as exempt and must be the head of a household. Fla. Const. Art. X, Sec. 4; Chap. 222.01 et seq. Fla.Stat. In the present case, Patricia Ann Smith is undisputedly the owner of the property; however, her contention that she continues to be head of a household despite her marriage is challenged.

Under Florida case law and in keeping with Florida public policy, there can be only one head of a family. *Solomon v. Davis,* 100 So.2d 177, 179 (Fla.1958); *Barnett v. Pan American Surety Co.,* 139 So.2d 192, 195 (Fla. 3d DCA 1962). There cannot be two households within one family unit, that is, there cannot be one household consisting of Debtor and her two children, and another consisting of Debtor and her husband. It is well established in this State that a divided household with divided authority is contrary to the ideas of a family unit. *Barnett v. Pan American Surety Co., supra* at 195. Debtor's present husband is apparently able-bodied and capable of carrying out his responsibilities as head of the household and, in fact, has been doing so by supporting both Debtor and her children. Debtor relies on the fact that her husband has no legal or moral obligation to support her children. This, however, does not diminish his position as head of the household. *In re Schachne,* 6 B.R. 236, 238 (Bkrtcy.S.D.Fla.1980).

It could be argued that Florida Statute 61.09, which imposes a mutual support obligation between spouses in a family unit, abrogates the presumption that the husband is the head of the household. *Cory v. Parks,* 386 So.2d 292, 293 (Fla. 2d DCA 1980). However, the evidence in this case indicates that Debtor's husband, rather than Debtor, has been carrying on the re-

sponsibilities of head of the household, even without benefit of the presumption.

Although the intent of Florida Homestead Legislation is declared to be that of "sheltering the family and surviving spouse, and such purpose should be carried out in a liberal spirit and in favor of those entitled to the exemption," Fla.Stat. 222.19, it should not be interpreted in such a liberal manner that it might be used to defraud the just claims of creditors or to escape honest debts. *Vandiver v. Vincent,* 139 So.2d 704, 708 (Fla. 2d DCA 1962).

Based on the foregoing and recognizing that ownership of a home and custody of minor children in and of itself does not qualify a Debtor as head of a household, this Court finds no basis upon which to allow the exemption claimed by Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption filed by Joseph H. Tessier be, and the same hereby is, sustained and the Claim of Exemption be, and the same hereby is, disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the trustee of the estate shall forthwith proceed to administer the assets declared to be nonexempt by this order. It is further

ORDERED, ADJUDGED AND DECREED that the entry of this order shall deem to be a dispositive order and, as such, is effective immediately upon the entry by the Clerk of the Bankruptcy Court unless stayed by this Court upon an appropriate motion or by a District Judge, pursuant to Emergency Local Rule (d)(2).