## NATIONWIDE FINANCIAL CORP. OF FLORIDA v. WILDE, et ux., et al.
### Case No. 79-20828 CU
Seventeenth Judicial Circuit, Broward County
February 29, 1984

Stuart L. Stein, for defendant.

Mark Weintraub, for plaintiff.

ESTELLA MAY MORIARTY, Circuit Judge

THIS CAUSE came on before me on the motion of the judgment debtor James M. Wilde to determine that he is head of his household and that his wages are protected from garnishment by the provisions of Florida Statutes 222.11 and 222.12.

The parties have stipulated that the debtor and his wife live in a home that was owned by the wife prior to the marriage and which remains her separate property. The parties have further stipulated that both the debtor and his wife are employed and that her salary exceeds his. Further, the wife's children by a prior marriage reside in the household. The debtor stipulates that he does not contribute to the support of those children nor to the support of any other children.

The debtor relief on the proposition that the husband is always the head of household unless he is shown to be unable to hold down any gainful employment citing *Soloman v. Davis*, 100 S 2d 177 (Fla. 1958), *In re: Schachne*, 6 BR 236 (1980) and *In re: Barnes* 4 BR 600 (1980). However, "The presumption that the husband is the head of the family has been abrogated by the 1971 amendment to section 61.09 Florida Statutes. The head of the family may be either the husband or the wife and the determination of who is the head of family is a factual one." *Holden v. Estate of Gardner*, 420 S 2d 1081 at 1085. See also *Nationwide Finance Corp. of Colo. v. Thompson*, 400 S 2d 559 (1st DCA 1981).

On the facts presented the Court finds that the wife is the head of the family and the wages of James M. Wilde are subject to garnishment.