PER CURIAM.
This is an appeal by the mortgagor Gertrude Berger and her attempted-intervenor husband Howard Berger from an adverse final judgment of mortgage foreclosure involving a condominium unit in which Mr. and Mrs. Berger resided. We affirm based on the following, briefly stated legal analysis.
First, the subject condominium unit was not a homestead estate under Article X, Section 4(a)(1) of the Florida Constitution (1968), because neither of the title owners of this unit, Gertrude Berger and her daughter Ina Felder, was the “head of the family” as required by the above constitutional provision in order for property to constitute a homestead estate.[1] Without dispute, Howard Berger was the “head of the family” within the meaning of the above constitutional provision, and he was not, as urged, the owner of the subject condominium unit; his affidavit filed below claiming a beneficial interest in the property was properly struck by the trial court as being contrary to his deposition testimony. See Ellison v. Anderson, 74 So.2d 680 (Fla.1964); Elison v. Goodman, 395 So.2d 1201, 1202 (Fla. 3d DCA 1981); Inman v. Club On Sailboat Key, Inc., 342 So.2d 1069, 1070 (Fla. 3d DCA 1977); Kramer v. Landau, 113 So.2d 756, 758 (Fla. 3d DCA 1959).
*312 Second, this being so, Gertrude and Ina Felder properly alienated the condominium unit by placing a mortgage thereon. It was unnecessary for Howard Berger, as Gertrude's spouse, to have joined in this conveyance under Article X, Section 4(c) of the Florida Constitution (1968 as amended 1972), because (a) such a joinder with the owner is constitutionally required only as to “homestead real estate,” and, (b) as previously indicated, the instant condominium unit was not a homestead estate. Holden v. Gardner’s Estate, 420 So.2d 1082 (Fla.1982); Jones v. Federal Farm Mortgage Corp., 138 Fla. 65, 188 So. 804 (1939); Abernathy v. Gruppo, 119 So.2d 398 (Fla. 3d DCA 1960); Anderson v. Garber, 183 So.2d 693 (Fla. 3d DCA 1966), cert. denied, 188 So.2d 820 (Fla.), appeal dismissed, 189 So.2d 631 (Fla.1966).
Third, it accordingly follows that no error was committed below in denying Gertrude Berger’s motion to dismiss, in refusing to allow Howard Berger to intervene, in entering a partial judgment on Gertrude Berger’s homestead defense, and in striking Howard Berger’s affidavit. The final judgment under review is, in all respects,
Affirmed.

. The 1985 amendment to the above constitutional provision, which substituted "natural person" for "head of the family,” has no application to this case because the. mortage at issue herein was executed prior to the said 1985 amendment. Art. X, § 4(a)(1), Fla. Const. (1968 as amended 1985).