ANTOON, Judge.
Theodore DeCosmo appeals two orders entered by the trial court: (1) an order entering summary judgment in favor of Taffi Fisher on her replevin claim against DeCosmo, and (2) an order granting Mel Fisher and Salvors, Inc.’s motion to dismiss DeCosmo’s *660 third party complaint for indemnification and contribution. We affirm.
Taffi Fisher sued DeCosmo for replevin. The complaint explained that she is the daughter of Mel Fisher and an officer and shareholder in Salvors, Inc. DeCosmo owned and operated Mel Fisher’s World of Treasure Museum in Orlando, Florida. The complaint further explained that Taffi Fisher had agreed to place some of her personally owned artifacts on display in DeCosmo’s museum. The complaint asserted that DeCos-mo removed Taffi Fisher’s artifacts, which had a value of $426,816, from the museum and improperly refused to return them to her.
DeCosmo filed an answer denying liability and setting forth affirmative defenses and counterclaims. DeCosmo also filed a third-party complaint against Mel Fisher and Sal-vors, Inc., for indemnification, contribution, breach of contract, fraud and misrepresentation, money lent, and breach of warranty. The third-party complaint alleged that De-Cosmo entered into an agreement with Mel Fisher and Salvors, Inc., whereby Mel Fisher and Salvors, Inc. agreed to sell DeCosmo $1,000,000 in authentic treasure. The complaint explained that DeCosmo paid Mel Fisher and Salvors, Inc., a first installment of $40,000 in accordance with the agreement. However, on the eve of the opening of the museum, Taffi Fisher informed DeCosmo that Salvors would be unable to supply De-Cosmo with any artifacts.
Taffi Fisher filed a motion for summary judgment in her replevin action. Mel Fisher and Salvors, Inc., also filed a motion to dismiss DeCosmo’s third-party complaint. The trial court conducted a hearing on the two motions and then entered an order granting Taffi Fisher’s motion for summary judgment and ordering the clerk to issue a writ of replevin. The trial court entered a separate order granting Mel Fisher and Salvor’s motion to dismiss DeCosmo’s third-party complaint ruling that count I (indemnification) and count II (contribution) were dismissed with prejudice. The remaining counts were dismissed without prejudice to file an independent lawsuit. DeCosmo appeals both orders.
DeCosmo first argues that the trial court erred in granting Taffi Fisher’s motion for summary judgment because the record contained genuine issues of material fact. We disagree.
The motion alleged that Taffi Fisher was the exclusive owner of seven silver bars and 128 silver coins recovered from the Spanish galleon, Nuestra Señora de Atocha. The motion further alleged that DeCosmo was wrongfully retaining possession of the artifacts. In support of the motion, Taffi Fisher attached her affidavit along with the affidavits of Mel Fisher, president of Salvors, Inc., and three other members of the Fisher family. Collectively, the affidavits established that Taffi Fisher owned the treasure and no other members of the family claimed any interest in it. The motion for summary judgment also referred to DeCosmo’s deposition. In the deposition, DeCosmo testified that he was holding the artifacts until the $40,000 he had paid Mel Fisher and Salvors, Inc. was returned. He acknowledged that he may have been told that the artifacts were Taffi Fisher’s individual property and admitted that he had already returned some of the coins to her.
One month after the motion for summary judgment was filed, DeCosmo filed an affidavit in opposition to the motion. In the affidavit he contradicted his deposition testimony and alleged that he had paid Taffi Fisher $15,000 for the artifacts in question.
DeCosmo’s affidavit is not sufficient to avoid summary judgment. The affidavit was filed one month after Ms. Fisher filed her summary judgment motion and was obviously submitted solely for the purpose of contradicting the admissions made by DeCosmo during his deposition. Our courts have consistently ruled that a party who opposes summary judgment will not be permitted to alter the position of his or her previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment. Boyd v. International Fidelity Insurance Company, 412 So.2d 944 (Fla. 3d DCA 1982); Inman v. Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977). Accord Berger v. Lewison, 521 So.2d 311 *661 (Fla. 3d DCA 1988); Elison v. Goodman, 395 So.2d 1201 (Fla. 3d DCA 1981).
Accordingly, the order of the trial court entering summary judgment in favor of Taffi Fisher is affirmed because DeCosmo failed to introduce any evidence to contradict Ms. Fisher’s evidence that the artifacts in his possession are owned by her.
We also affirm the trial court’s dismissal of the counts in DeCosmo’s third-party complaint for indemnification and contribution. Rule 1.180, Florida Rules of Civil Procedure, provides that a third-party complaint is viable where the third party may be liable to the defendant for all or part of the plaintiffs claim or where the third party asserts a claim that arises out of the transaction that is the subject matter of the plaintiffs claim:
Rule 1.180. Third Party Practice
(a) When Available. At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be hable to the defendant and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiffs claim.
Here, Taffi Fisher’s suit was for replevin, alleging that DeCosmo had possession of her property. DeCosmo’s third-party complaint did not allege that Mel Fisher and Salvors had possession of Ms. Fisher’s treasure. Furthermore, while DeCosmo may be able to state a cause of action against Mel Fisher and Salvors, Inc. for breach of contract, nothing in the record suggests that Taffi Fisher was a party to that contract.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.