PER CURIAM.
The appellant, claiming to be the common law wife of the decedent, sought damages for his wrongful death. Upon a trial of the cause, certain testimony was sought to be introduced by the appellant, seeking to establish a common law marriage. The trial: judge ruled the testimony inadmissible under the “dead man statute” § 90.05, Fla.Stat., F.S.A. The appellant was permitted to proffer the testimony which the trial' judge ruled inadmissible. Thereupon the appellee moved for a directed verdict and the same was granted. This appeal is from the judgment entered upon the directed verdict.
We have examined the record of the proffered testimony relating to the alleged common law marriage between appellant and the deceased, and find that it fails to meet the requirements of proof of a common law marriage as announced by the Supreme Court of Florida in Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156, 158. Even though the trial judge was in error in his ruling that the testimony as to the common law marriage was inadmissible under the “dead man statute” nevertheless we conclude that his decision to direct a verdict *509 upon the case as a whole was correct and should be affirmed.
Affirmed.