MURPHREE, John A. H., Associate Judge.
In the court below the defendants’ motion for a directed verdict at the close of the plaintiff’s case was granted.
Appellant, along with several other workmen, was employed by the appellees to do some painting and repair work on their '•home. Appellant asserted that while descending a ladder from the roof of the house he fell and was injured. At the trial his case boiled down to two alterantive the■ories of negligence. First, the appellees negligently furnished a defective ladder. Second, an employee of appellees who was steadying the ladder for appellant to make his descent negligently abandoned his task, thus causing the ladder to topple and appellant to fall.
After the fall it was discovered that the bottom rung of the ladder was broken. There was not the slightest proof of knowledge on the part of appellees, actual or constructive, as to any defect in the ladder. The owner of the ladder, a fellow employee ■of appellant, testified that at the time of the ■accident the ladder was fairly new and in perfectly good shape so far as he knew.
Appellant was the only eyewitness to the fall. At the trial he was very vague in explaining how the accident occurred. He ■seemed to say in one breath that it was •caused by a defective ladder and in the next that it was caused by the failure of a fellow employee to steady the ladder as he was coming down. The following statement read to appellant from his deposition, given three or four months before the trial, was admitted by him but its conflict with his ■testimony at the trial was not explained:
“Around 11 A.M. 4/24/58 I was moving a long extension ladder that was up against the front porch when the wind caught the top of it and twisted the ladder and me around and overbalanced the ladder. I couldn’t hold the ladder and it fell.”
The Supreme Court of Florida, in Ellison et al. v. Anderson, 74 So.2d 680, said “A party when met by a motion for summary judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy.”
To same effect see: Kramer v. Landau, Fla.App., 113 So.2d 756; Tri-County Produce Distributors, Inc. v. Northeast Production Credit Ass’n, Fla.App., 160 So.2d 46.
Applying that principle here we must hold that the trial judge was correct in granting the motion for directed verdict
Affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.