PEARSON, Judge.
The defendant in an action for declaratory judgment suffered a summary final judgment for the plaintiff-appellee. This appeal is from that judgment.
The appellant was a passenger in an automobile operated by Ann Wilson. The automobile was owned by Horace E. Reynolds who was insured by the appellee-insurance company. While the automobile was being operated by Wilson, with appellant as passenger, it was struck in the rear by an uninsured motorist. The appellant made a claim under Reynold’s policy. The claim was referred to arbitration. Thereupon, the appellee brought the present action for a declaratory judgment claiming that there was no coverage under the policy because the driver, Wilson, was operating the car without the permission of its policyholder, Reynolds. No question was raised as to the propriety of the action for declaratory judgment and the cause proceeded until appellee moved for a summary judgment.
Appellant filed an affidavit of Reynolds, the owner of the car, which stated that Wilson had permission to operate his automobile. This affidavit was dated September 8, 1966. Thereafter, the appellee filed a sworn statement of Reynolds denying that *137 Wilson had permission to operate the car. The second affidavit filed by the appellee was dated January 27, 1966, and although it was filed later, it was dated at a time earlier than appellant’s affidavit by Reynolds. The trial court entered a summary judgment for the appellee, insurance company, upon a holding that the owner, Reynolds, having given the first dated affidavit upon which the appellee relied, could not later give a contrary affidavit which had the effect of creating an issue for the passenger in his automobile. This holding was based upon an interpretation of the following cases: Ellison v. Anderson, Fla. 1954, 74 So.2d 680; Kramer v. Landau, Fla. App.1959, 113 So.2d 756, Tri-County Produce Distr. v. Northeast Prod. Cr. Ass’n, Fla.App.1963, 160 So.2d 46; Williams v. Duggan, Fla.App. 1965, 172 So.2d 844.
An examination of the cited cases reveals that the full extent of the rule set forth is that a party may not, after having given a deposition or an affidavit in a cause, subsequently change his testimony in order to create an issue upon his opponent’s motion for summary judgment. The question in this case is whether that rule is properly extended to a situation where a witness who has signed one affidavit later signs another affidavit which states facts contrary to the first affidavit. In connection with this situation, several things should be pointed out. First, the witness Reynolds is an interested witness; that is, as the insured, he may have given one story to his insurance company when they investigated the accident, and another when confronted with the fact that his testimony on a pivotal question would be determinative of his friend’s right to recovery. Second, the affidavits are diametrically opposed but they are not factual in nature; the first in point of time stating as a conclusion that he did give permission, the second that he did not. Third, the witness has made no effort to explain the conflicting statements nor has he claimed fraud or overreaching in the instance of the earlier statement given to the insurance company.
It is unfortunately true that not infrequently witnesses color their testimony in order to minimize the effect of their evidence. Lawyers in the trial' of cases have developed methods of impeachment, particularly by examination. We think that at the danger of prolonging litigation, we must hold that a witness is not irrevocably bound by his first written statement upon the issues of a case. It is proper for the court to require further evidence on the issue. Such evidence may be by discovery and a further motion for summary judgment or by a reservation of the cause for trial. We think that this holding is in accord with the philosophy of summary judgments as enunciated by the Supreme Court of Florida. See Holl v. Talcott, Fla.1966, 191 So.2d 40. Therefore, the summary final judgment is reversed and the cause remanded with directions to proceed in accordance with the views set out in this opinion.
Reversed and remanded.