244 So.2d 161 (1971)
Mary R. CROFT, Appellant,
v.
C.G. YORK, Division Hospital, Inc., a Corporation, and Parke-Davis & Co., a Corporation, Appellees.
No. O-175.
District Court of Appeal of Florida, First District.
January 19, 1971.
Rehearing Denied March 2, 1971.
*162 Scruby & Yonge, Orange Park, Alva Duncan, Lake City, and Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
H. Franklin Perritt, Jr., Howell, Kirby, Montgomery, D'Aiuto, Jacksonville, and Jopling, Darby, Peele & Page, Lake City, for appellees.
WIGGINTON, Acting Chief Judge.
Plaintiff appeals a summary final judgment rendered in favor of defendant Parke-Davis & Co., a corporation, contending that the pleadings, exhibits, depositions, and affidavit on file in the cause create genuine issues of material facts, and that the trial court erred in holding that appellee is entitled to judgment as a matter of law.
This is an action for damages brought by the widow of a decedent under the death by wrongful act statute.[1] The complaint charges in count one that the decedent received an injection in his hip or thigh of adrenalin in oil produced by defendant Parke-Davis & Co., prescribed by defendant Dr. C.G. York, and administered by an employee of defendant Division Hospital, Inc., which drug contained bacteria harmful and dangerous to human life, as a proximate result of which the decedent died; that the drug was not fit for the purpose for which it was sold whereby defendants impliedly breached their warranty of fitness; that because of such breach, plaintiff sues and claims damages. Count two alleges that defendant Parke-Davis & Co. was negligent in the manufacture of the drug which was injected into the hip of decedent; that as a result of such negligence the drug became contaminated with bacteria harmful and dangerous to human life; and that the drug company failed to properly or adequately warn prospective users of the danger incident to its use, as a proximate result of which the decedent contracted gas gangrene and died. Parke-Davis & Co. answered the complaint denying all material allegations thereof which purported to charge it with breach of warranty or negligence.
After taking the depositions of plaintiff widow and Dr. York, the treating physician of decedent, Parke-Davis filed its motion for summary judgment. This motion was supported by an affidavit of one J.S. Malcolm who is the manager of the Plant Regulatory Affairs of the Quality Control Division of Parke-Davis & Co. where he has worked for the past 33 years. This affiant recounted the general practices, procedures, and regulations followed by the company in the production, handling and distribution of its drugs, all of which is alleged to be done under such conditions of sanitation and sterility as to exclude the likelihood of contamination; that in the years during which he has served in his present capacity he has never known or heard of any incident in which adrenalin in oil manufactured by the company was found to be contaminated or to cause gas gangrene when injected into the body of a person. Attached to this affidavit are the printed instructions and warnings concerning the use of the drug which are enclosed in each of the packages in which it is distributed *163 and sold to hospitals and other consumers.
Based upon the pleadings, exhibits, depositions and affidavit, the following undisputed facts emerge. Decedent, Summer W. Croft, suffered a sinus congestion on January 4, 1969, and consulted defendant Dr. C.G. York at his office in the Division Hospital at Lake City. After examining the patient, Dr. York prescribed an injection of adrenalin in oil produced by Parke-Davis & Co., and another injection of acthar-gel manufactured by Armour and Company. The injections were administered by a nurse employed by defendant Division Hospital from whose pharmacy the drugs were procured. The adrenalin in oil was injected into one of the patient's hips and the acthar-gel was injected into the other. There is no evidence in the record before us as to which drug was administered into which hip of the patient. The patient suffered discomfort and pain during the night following the injections, and returned to the doctor's office the next day at which time his fever was abnormal and there existed a painful swelling of the left buttock area. An emergency operation was immediately performed which revealed the existence of gas gangrene. Although every effort was made to relieve the condition, the patient died the following day at a hospital in Jacksonville to which he had been transported for additional surgery and treatment. Based upon nothing more than the history of the case, and without any hard evidence to support it, Dr. York expressed the view in a deposition given by him that in his opinion the gas gangrene contracted by the patient which caused his death did not result from any contamination in the drug with which he was injected, but was caused by a spore on the patient's skin which entered the body through the opening caused by the hypodermic needle with which the injection was administered. At a later date Dr. York executed an affidavit which was filed in opposition to Parke-Davis' motion for summary judgment in which he averred that since giving his deposition he had made a further study of the cause of gas gangrene and reviewed the facts and circumstances found by him in respect to the patient's condition, and based upon such further study and review he concluded that the probable cause of the development of the gas gangrene in the patient's buttock was the existence of some undetected spore in the drug injected. Dr. York was unable to state with specificity which drug was administered in which of the patient's hips and the record is therefore devoid of any evidence as to which of the two drugs injected into the patient's body two days before his death went into the left hip in which the infection was found on the day following the injection.
The undisputed evidence is sufficient to establish that the decedent died of gas gangrene infection originating in his left hip which followed the injection of a drug prescribed by defendant Dr. York and administered by an employee of defendant Division Hospital from whose pharmacy the drug was procured. There is no evidence, however, which establishes whether the drug injected into the patient's left hip was the adrenalin in oil manufactured by defendant Parke-Davis or was the acthar-gel manufactured by Armour and Company who is not a party to this cause. The question therefore arises as to whether this deficiency in the evidence justifies the rendition of a summary final judgment against the plaintiff and in favor of Parke-Davis. We are of the view that it does not, and the summary judgment was therefore improperly rendered.
In the early case of Posey v. Pensacola Tractor & Equipment Company[2] this court held that in opposing a motion for summary judgment no burden rests upon the nonmoving party to submit evidence in proof of the essential elements of its cause of action or defense until after the moving party has established by competent evidence that there exists no genuine issue of any *164 material fact and that it is entitled to judgment as a matter of law.
In the well-known and frequently-cited case of Holl v. Talcott[3] the Supreme Court reiterated the rule that the burden to prove the nonexistence of a genuine triable issue is on the moving party, and the burden of proving the existence of such issue is not shifted to the opposing party until the movant has first successfully met his burden.
In the later case of Visingardi v. Tirone[4] the Supreme Court again said:
"The basic error in both the Holl case, supra, and the instant case consisted of the failure of the lower courts to distinguish adequately between the plaintiff's burden at the trial and that which he bore as the party opposing the motion for summary judgment. In both cases, the lower courts appeared to proceed as though the movant's burden in the latter circumstance were something less than to show conclusively that no material issues remained for trial. The result, of course, was to place upon the opposing party a heavier burden of showing such triable issues than the rule either requires or allows to be placed upon him."
Can it be said from the pleadings, exhibits, depositions and affidavit on file in the case subjudice that Parke-Davis, the moving party, has sustained the burden assumed by it of conclusively establishing the nonexistence of any genuine issue of fact? We clearly think that it has not. It is true that the evidence leaves unresolved the critical question of whether the drug injected in the decedent's left hip was the drug manufactured by Parke-Davis or was the drug manufactured by Armour and Company. In order for Parke-Davis to prevail on its motion, however, it would be required to conclusively establish that either (1) the gas gangrene which caused the decedent's death did not result from the injection administered by the hospital in the decedent's left hip, or (2) that the drug injected in the decedent's left hip was not the adrenalin in oil produced and sold by it. A careful examination of the record clearly reveals that Parke-Davis has failed to carry the burden of conclusively establishing either of the two above-enumerated hypotheses. Because of this failure it is not entitled to a summary final judgment despite the fact that the evidence is not such as would support a judgment for the plaintiff if the case was submitted to the jury solely on the basis of the evidence now in the record. The burden of proof imposed upon the plaintiff at the trial is not the same burden which the plaintiff is required to assume in opposition to a motion for summary judgment, and indeed no burden of any kind is imposed on the plaintiff until after the defendant has sustained the burden resting upon it as the moving party. As explained by Judge Swann speaking for the Third District Court of Appeal in Hoder v. Sayet:[5]
"The last point raised by the defendants is that they are entitled to summary judgment because the plaintiff has failed to introduce any proof, other than the naked allegations of her complaint, that the decedents' death was caused by serum hepatitis, or that if it were, that the hepatitis was caused by the transfused blood.
"At this stage, we are concerned solely with the question of whether the moving party has successfully met the challenge of showing conclusively the non-existence of any material issue of fact. The defendants here have not come forward with any evidence to indicate that the decedent did not die from homologous serum hepatitis or that, if he did, it was caused by something other than the blood transfusion as alleged in the plaintiff's *165 complaint. The defendants therefore have failed to carry their burden and the plaintiff has no present obligation to demonstrate such a causal relationship.
"To be sure, upon remand for trial, it will be the plaintiff upon whom the burden will fall to prove the necessary elements of causation before recovery will be allowed. In addition, the plaintiff must then also prove the acts of negligence or of a breach of implied warranty necessary to support recovery. We do not presently hold that there has been any breach of implied warranty or act of negligence or that the plaintiff is entitled to recovery. We hold merely that the movant for summary judgment has not conclusively shown the non-existence of any material issues of fact and that there is possible evidence from which a jury might find for the plaintiff if this evidence is proven and credible."
Appellee Parke-Davis counters with the argument that the affidavit of Dr. York, which was submitted in opposition to the motion for summary judgment and which averred that in his opinion the infection which caused the decedent's death resulted from the contaminated drug injected in the decedent's hip, is wholly inadmissible and should not be considered. This contention is based upon the premise that the foregoing averment of the affidavit is diametrically opposed to the earlier statement made by Dr. York when giving his deposition in which he expressed the opinion that the infection which caused the decedent's death came from spores on the decedent's skin and not from the drug which was injected into his hip. Appellee grounds its position upon the established principle of law first enunciated by the Supreme Court in Ellison v. Anderson[6] to the effect that when a party is met by a motion for summary judgment, he should not be permitted by his own affidavit to repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy. This rule has been uniformly followed by other courts of this state in subsequent decisions rendered by them.[7]
If the premise on which appellee proceeds were sound, we would be inclined to agree that the statement by Dr. York in his earlier deposition conclusively eliminated any issue of fact as to Parke-Davis' liability and the summary judgment should be affirmed. Such position, however, ignores one important qualification. The rule is applicable only in the absence of a credible explanation by the affiant as to the reason for the discrepancy between his earlier and later opinions. If such explanation is made, then the rule of exclusion is no longer applicable and the latest statement may be considered in determining whether it creates a genuine issue of fact to be resolved only by the jury on trial. A careful reading of Dr. York's deposition clearly indicates that the opinion expressed by him at that time as to the cause of the infection was superficial in character and not based upon any hard evidence or careful study of the matter. In his later affidavit submitted in opposition to the motion for summary judgment, the affiant averred that since giving his deposition he had made a further study of the cause of gas gangrene; had carefully reviewed in his mind the facts and circumstances of the case; and that as a result of such reconsideration, his opinion had changed with respect to the origin of the infection. It is not unreasonable that a professional opinion initially expressed by an expert and *166 based upon inadequate study or information might later change in the light of a more careful review of the circumstances and study of the subject on which his opinion is elicited. The discrepancy in the two different opinions expressed by Dr. York may well be considered in passing upon his credibility as a witness and the weight to be given his testimony, but does not affect the admissibility thereof. For the foregoing reasons, we conclude that appellee's position on this point is not well founded and must be rejected.
For the foregoing reasons, the summary final judgment appealed herein is reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] F.S. § 768.01, F.S.A.
[2] Posey v. Pensacola Tractor & Equipment Company (Fla.App. 1962), 138 So.2d 777.
[3] Holl v. Talcott (Fla. 1966), 191 So.2d 40.
[4] Visingardi v. Tirone (Fla. 1967), 193 So.2d 601, 603.
[5] Hoder v. Sayet (Fla.App. 1967), 196 So.2d 205, 210, 211.
[6] Ellison v. Anderson (Fla. 1954), 74 So.2d 680.
[7] Andrews v. Midland National Insurance Company (Fla.App. 1968), 208 So.2d 136; Williams v. Duggan (Fla.App. 1965), 172 So.2d 844;

McKean v. Kloeppel Hotels, Inc. (Fla. App. 1965), 171 So.2d 552;
Bente v. Nelson (Fla.App. 1963), 156 So.2d 17;
Kamer v. Landau (Fla.App. 1959), 113 So.2d 756.