342 So.2d 1051 (1977)
MARYLAND CASUALTY COMPANY, Appellant,
v.
Marion MURPHY et al., Appellees.
Nos. 76-1752 to 76-1755.
District Court of Appeal of Florida, Third District.
February 22, 1977.
Rehearing Denied March 16, 1977.
Bolles, Goodwin, Ryskamp, Welcher & Carrier, Miami, for appellant.
Goldstein & Goldstein, Edward A. Moss, Miami, Gerald M. Walsh, Fort Lauderdale, Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Sam Daniels, Miami, for appellee.
Before HENDRY, C.J., NATHAN, J., and DREW, E. HARRIS (Ret.), Associate Judge.
PER CURIAM.
By these consolidated appeals, Maryland Casualty Company, defendant-third party plaintiff, seeks review of an adverse summary final judgment and an order denying motion for rehearing. The summary final judgment held as a matter of law that Maryland Casualty has coverage on the property on which the plaintiffs, Marion *1052 Murphy was injured. Murphy cross-appeals and contends that the trial court erred in granting Maryland Casualty's motion for a stay of trial court proceedings pending the outcome of this appeal. One of the primary issues before the trial court was whether there had been an effective assignment of an insurance policy where the policy omits any provision as to assignability.
On May 9, 1975, plaintiff Murphy, appellee and cross-appellant herein, fell and was injured in the parking garage of an office building which was sold by Leon and Ruth Feldman to Stuart Z. Perlman two days before. The Feldmans and Perlman are defendants in the trial court, and appellees herein. The building was insured by a policy issued by defendant Maryland Casualty, appellant and cross-appellee, through its agent, third party defendant, Harry Hurst and Associates, Inc., appellee. Maryland Casualty appeals the order of summary judgment holding that the policy covered the accident. Maryland Casualty also appeals from the trial court's order denying its motion for rehearing. The trial court granted Maryland Casualty's motion for a stay pending appeal.
The record reflects that the property was sold by the Feldmans to Perlman on May 7, 1975. At the closing, the parties pro-rated the insurance in that the sellers were paid by the purchaser for the unearned portion of the premium. Two days later, Murphy was injured in the parking garage of the building.
In 1974, Maryland Casualty issued a policy to the Feldmans covering the building and providing for third party liability coverage. The policy was obtained through Maryland's agent, Hurst. The agent's copy of the policy issued by Maryland and furnished by Hurst, was attached to Maryland Casualty's motion for summary judgment. The copy did not contain any provision relating to assignment. At the summary judgment hearing, the trial court entered summary judgment in favor of Perlman, and held that the policy covered the accident. Following summary judgment, and having allegedly discovered at its home office the original policy which contained a prohibition against assignment without the consent of the company, Maryland Casualty filed a motion for rehearing. The trial court denied the motion and these appeals ensued.
Maryland Casualty contends that the trial court erred in holding that the insurance policy was effectively assigned from the Feldmans to Perlman; that at the summary judgment hearing, the parties and the court were using the wrong insurance policy and that the original policy containing a prohibition against assignment without consent was discovered several days later. We do not find that reversal is warranted on these points.
Agent Hurst's copy of the policy which was attached to Maryland Casualty's motion for summary judgment against Perlman contained no provision prohibiting assignment without the insurer's consent. Neither do any of the other copies of the policy filed of record except Maryland's alleged original. At the hearing on motions for summary judgment, Maryland Casualty's counsel admitted that the policy contained no such clause.
Pursuant to Section 627.422, Florida Statutes (1975), an insurer has the option of requiring or not requiring its consent to an assignment. The statute provides in pertinent part that,
"A policy may be assignable, or not assignable, as provided by its terms."
In our opinion, this requires that a "no assignment" clause be included in the policy in order to preclude assignments. Where a policy is silent on the matter of assignment, then the silence creates an ambiguity. Generally, in contracts of insurance, ambiguities are to be construed against the insurer and in favor of the insured. See Stuyvesant Insurance Company v. Butler, 314 So.2d 567, 570 (Fla. 1975), and cases cited therein. Therefore, the trial court did not err in finding that there is coverage, and granting summary judgment in favor of Perlman.
We also find that the trial court properly denied Maryland Casualty's motion *1053 for rehearing of the order granting summary judgment. First, as a motion for rehearing ordinarily brings the same facts and arguments before the court, no error is shown since the summary judgment was properly entered as a matter of law. However, attached to the motion for rehearing was the alleged original insurance policy together with affidavits of two Maryland Casualty employees. Even if we treat the motion for rehearing as a motion for relief based on newly discovered evidence under Rule 1.540, Fla.R.Civ.P., denial of the motion was still proper. No abuse of the trial court's discretion is shown where the court had before it the two policies, and where there are blatant discrepancies between them. In addition, the record does not contain any admissible evidence that the insured received a copy of the policy which Maryland claims to be the original.
The law looks with disfavor on a party's attempt to change his testimony to avoid summary judgment. As stated in Home Loan Company Incorporated of Boston v. Sloane Company of Sarasota, 240 So.2d 526 (Fla.2d DCA 1970),
"... A party opposing a motion for summary judgment will not be permitted to alter the position of his previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment... ." (citation omitted)
The granting of a rehearing to consider additional testimony is a matter within the discretion of the trial court. We find that the trial court did not abuse its discretion in refusing to allow Maryland Casualty to submit the contents of the alleged original policy on rehearing. See Page v. Staley, 226 So.2d 129 (Fla. 4th DCA 1969).
Plaintiff Murphy has failed to demonstrate error on her cross-appeal from the order granting Maryland Casualty's motion for a stay of trial court proceedings pending appeal.
Affirmed.
DREW, E. HARRIS (Ret.), Associate Judge, agrees to judgment only.