395 So.2d 1201 (1981)
John Dean ELISON and Jeanne Marie Elison, Appellants,
v.
Martin B. GOODMAN, Barbara B. Goodman, Allan M. Greenberg and Ella G. Greenberg, Appellees.
No. 80-907.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 14, 1981.
Paul L. Backman and Jon Jay Ferdinand, Hollywood, for appellants.
Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellees.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
The Elisons' cross-claim for damages allegedly caused by construction defects in their new home was terminated by summary judgment on statute of limitation grounds, because unequivocal statements in their depositions established that they were on notice of the defects more than four years before the action was filed. Section *1202 95.11(3), Florida Statutes (1979); Steiner v. Ciba-Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979). The judgment is affirmed, notwithstanding the filing of an affidavit in opposition to the summary judgment in which Mr. Elison directly contradicted his deposition testimony concerning the date of discovery, so as to bring it within the limitations period. The trial court properly struck this affidavit under the now well-settled rule, which had its genesis in Ellison v. Anderson, 74 So.2d 680 (Fla. 1954), that a party is not permitted to alter a previously asserted position simply to avert summary judgment. Accord, Inman v. Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977); Home Loan Co., Inc. of Boston v. Sloane Co. of Sarasota, 240 So.2d 526 (Fla. 2d DCA 1970); Williams v. Duggan, 172 So.2d 844 (Fla. 1st DCA 1965); Tri-County Produce Distributors, Inc. v. Northeast Production Credit Ass'n, 160 So.2d 46 (Fla. 1st DCA 1963); Bente v. Nelson, 156 So.2d 17 (Fla. 2d DCA 1963); Kramer v. Landau, 113 So.2d 756 (Fla. 3d DCA 1959).
Nor did the appellants bring themselves within the exception to this principle which arises when there is a "credible explanation by the affiant as to the reason for the discrepancy between his earlier and later opinions." [e.s.] Croft v. York, 244 So.2d 161, 165 (Fla. 1st DCA 1971), cert. denied, 246 So.2d 787 (Fla. 1971).[1] The affidavit did recite that Elison had changed his mind about the key date after examining certain insurance documents to which he had referred in the deposition.[2] However, the papers were not themselves attached to the affidavit and their contents were not described in any way.[3] So far as the record shows, therefore, the documents were entirely consistent with the earlier deposition and inconsistent with the later affidavit.[4] Hence, no legally sufficient reason or explanation for the change in testimony was presented. We do not mean to imply that the Ellison rule should be rigidly applied so as absolutely to foreclose a party who has made an honest mistake. But more than an unsubstantiated assertion that such an error has occurred is required to overcome the effect of previous sworn testimony. As a practical matter, that is all the appellants did or attempted to do below. The summary judgment against them is therefore
Affirmed.
NOTES
[1] See also, Koflen v. Great Atlantic & Pacific Tea Co., 177 So.2d 529 (Fla. 3d DCA 1965).
[2] Mrs. Elison's deposition had confirmed her husband's testimony on this point. There was no attempt whatever to explain the deviation from her deposition embodied in the opposition to the motion for summary judgment.
[3] On this issue, the affidavit said simply,

the Affiant has reviewed said insurance papers concerning State Farm Insurance Company's inspection of the premises, and Affiant has discovered that the year was 1976 and not 1974 or 1975.
[4] It should also be noted that since the appellants' counter-affidavit was stricken simultaneously with the entry of summary judgment, any defects in the affidavit, including the failure to submit or describe the documents, could have been corrected by a motion for rehearing. Holl v. Talcott, 191 So.2d 40, 46-47, 48 (Fla. 1966). The fact that no such motion was filed strongly indicates that the documents would not have supported the Elisons' present position.