FERGUSON, Judge.
Theodore Borders as personal representative of the Estate of Hilda Mae Borders and individually sued appellees alleging that negligence of appellees in maintaining premises resulted in the death of Hilda. Appellees moved for summary judgment claiming that Theodore Borders was not the proper personal representative of the Estate of Hilda Mae Borders and was not a beneficiary under the wrongful death statute as he was not married to the decedent on the day of the incident in question either by common-law or otherwise.[1]
The trial court entered summary judgment in favor of appellees, Liberty Apartment Corp. and Bonded Rental Agency, Inc., and against appellant, on the grounds that there was no issue of material fact that appellant, Theodore Borders, was never married to the decedent, Hilda Mae Borders. We reverse.
Appellant filed an affidavit in opposition to appellees’ motion for summary judgment alleging that when he stated in deposition that he did not discuss marriage with Hilda, he thought he was being asked whether they had ever discussed getting married formally, such as before a preacher or notary. Appellant had also stated in the deposition and in the affidavit that he and the decedent had a common-law marriage and considered themselves married. The question as first propounded in the deposition was, “Did you ever discuss going to a minister or getting formally married?” Ap-pellee relies on that part of the deposition testimony following this question and ignores appellant’s testimony both prior and subsequent to this section that Hilda used' his surname and that they considered themselves married. Viewed as a whole, the record supports appellant’s explanation to the effect that he thought the first question was merely being repeated. We find appellant’s explanation a credible one which should have been considered by the court. The affidavit and deposition raise a genuine question of fact as to whether appellant was ever married to the decedent. See, *234 e.g., Croft v. C.G. York, 244 So.2d 161 (Fla. 1st DCA 1971). Cf. Elison v. Goodman, 395 So.2d 1201 (Fla.3d DCA 1981) (appellants failed to bring selves within exception arising when there is a credible explanation by the affidavit as to discrepancies between earlier and later opinions); Tri-County Produce Distributors, Inc. v. Northeast Production Credit Association, 160 So.2d 46 (Fla. 1st DCA 1963) (summary judgment proper where no explanation of conflict between deposition testimony and later filed affidavits).
The testimony of Theodore Borders who claimed to be the common-law husband of the deceased and who sought damages against the tort-feasor is admissible. The prohibition of Section 90.602, does not apply. See, e.g., Smart v. Foosaner, 169 So.2d 508 (Fla.3d DCA 1964). Moreover, appel-lees may not use appellant’s testimony as the basis of their action for summary judgment, then preclude appellant from relying on that same testimony to oppose the motion for summary judgment. See, e.g., Barber v. Adams, 208 So.2d 869 (Fla.2d DCA 1968); Bordaos v. Kimmel, 139 So.2d 506 (Fla.3d DCA 1962). Accordingly, the trial court erred in relying on In re Silverman’s Estate v. Lerner, 163 So.2d 321 (Fla.3d DCA 1964) as authority for excluding record evidence in order to find that the record failed to prove that appellant was married to Hilda Mae Borders.
Appellant testified at disposition that his first wife Wilma died in Dade County, Florida before he started to live with Hilda. The fact that neither the Florida nor Georgia Department of Health and Rehabilitative Service has a certified record of death for a former wife of appellant creates no conclusive presumption that this wife is still alive or that she was alive on the date of the reported common-law marriage of appellant to the deceased. The Florida records were searched only by the name of Wilma Atkinson Borders; the Georgia records were searched by the name of Wilma Atkinson or Wilma Atkinson Borders. There is testimony in the record that Wilma was living with a man when she died and it is not known whether she used his name or her maiden name.
It is well established in Florida that when a person has allegedly been married twice there is a strong presumption of the validity of the second marriage. The evidence in this case concerning the invalidity of the subsequent marriage to the decedent was not enough to justify the entering of a summary judgment against the plaintiff. See Sikes v. Guest, 170 So.2d 322 (Fla.2d DCA 1965).
Reversed and remanded.

. Appellant claims to have consummated a common-law marriage to the deceased in 1962 when such marriages were recognized in Florida law, Chaachou v. Chaachou, 73 So.2d 830 (Fla.1954), and that the relationship continued until Hilda died in 1978. By enactment of Section 741.211, Florida Statutes (1967), the legislature invalidated any common-law marriage entered into after January 1, 1968.