415 So.2d 767 (1982)
Bernard WILLAGE and Phyllis Willage, Appellants,
v.
The LAW OFFICES OF WALLACE AND BRESLOW, P.A., and Grover Moskowitz, Appellee.
No. 81-884.
District Court of Appeal of Florida, Third District.
May 25, 1982.
Rehearing Denied July 16, 1982.
*768 Schwarz & Schiffrin and Norman K. Schwarz, Miami Beach, for appellants.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Legal malpractice by plaintiff's attorney cannot be inferred from the fact that a jury returned verdict for defendant in slip and fall case. Without expert testimony, a lay jury could only speculate as to whether an attorney's conscious decision not to call a purported witness constituted negligence, where in the attorney's opinion, the witness on cross examination could have given testimony damaging to plaintiff's case.[1]See, e.g., Sims v. Helms, 345 So.2d 721 (Fla. 1977) and Reynolds v. Burt, 359 So.2d 50 (Fla. 1st DCA 1978).
A party may not, after having given an affidavit in a cause, subsequently change his testimony in order to create an *769 issue on his opponent's motion for summary judgment. Ellison v. Anderson, 74 So.2d 680 (Fla. 1954); Inman v. Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977); Maryland Casualty Company v. Murphy, 342 So.2d 1051 (Fla. 3d DCA 1977); Home Loan Company Incorporated of Boston v. Sloane Company of Sarasota, 240 So.2d 526 (Fla. 2d DCA 1970). However, a party may give a subsequent affidavit for the purpose of explaining testimony given in a prior affidavit or deposition, so long as the explanation is credible, even though it creates an issue on the opponent's motion for summary judgment. Borders v. Liberty Apartment Corp., 407 So.2d 232 (Fla. 3d DCA 1981); Croft v. York, 244 So.2d 161 (Fla. 1st DCA 1971). We hold here, as a reasonable extension of the rule, that an affidavit of an expert witness filed by the party opposing a motion for summary judgment, which affidavit ostensibly creates an issue of fact,[2] may be explained by a subsequent affidavit of the same witness so long as the explanation is credible, and not inconsistent with the previous sworn testimony, even though the effect of the explanatory testimony is to negate any issue of fact.[3]Cf. Elison v. Goodman, 395 So.2d 1201 (Fla. 3d DCA 1981) (where there was no credible explanation by affidavit as to discrepancies between earlier testimony and later inconsistent testimony, later testimony stricken).
Summary judgment is AFFIRMED.
NOTES
[1] Affidavit of Grover M. Moskowitz states:

1. I, GROVER M. MOSKOWITZ, have personal knowledge of the following after reviewing my file and refreshing my memory as to why Marina Stewart was not called to testify at MR. WILLAGE'S trial
2. Marina Stewart, when interviewed by me on July 14, 1977, stated that MR. WILLAGE was in bad shape before his "accident" and walked "funny."
3. Marina Stewart said she did not witness the incident.
4. Marina Stewart would testify that "Body Love" (MR. WILLAGE'S business) was cheap and had poor equipment.
5. Marina Stewart would testify that no one at the mall was on notice of "wet spots" nor were there any complaints before the alleged incident.
6. The eye witnesses to the incident which Marina Stewart recalled were either deposed or testified at trial.
7. The incident report made by Marina Stewart was admitted into evidence at trial.
8. The undersigned, based on the above, did not feel Marina Stewart would help MR. WILLAGE'S case in any material way.
[2] The first affidavit stated:

1. My name is JOHN BATMAN, and I practice law at 777 N.E. 79th Street, Miami, Florida.
2. I am an attorney, duly licensed in the State of Florida and engaged in the present practice of law in Dade County, Florida.
3. I worked as an attorney for the Law Offices of Wallace and Breslow, from April, 1975 to April, 1976.
4. During my tenure with the aforementioned Law Offices, one of the cases I handled was Willage vs. Atlantic Investors of Miami, Ltd., Case Number 75-24234.
5. During the course of preparation and investigation of this claim, I obtained information from a substantial number of witnesses in regard to liability and damages.
6. The aforementioned claim involved a slip and fall due to the allegedly negligent maintenance and care of the Defendant's premises. Plaintiff alleged that a mopping of Defendant's premises left puddles of water which Defendant knew or should have known, created an unreasonably dangerous condition which negligence resulted in injuries to the Plaintiffs.
7. I spoke with a witness, Marina Stewart, who informed me that she was an employee of the mall and she had gone out to the scene of the accident and had observed the puddles where the Plaintiff had fallen.
8. Due to the fact that the liability aspect of any slip and fall case is extremely difficult to prove, I felt it was absolutely essential that Marina Stewart testify as to the condition of the floor at a time immediately subsequent to the accident in question. The testimony of Marina Stewart provided the only verification of the Plaintiff's version of the facts necessary to establish the culpability of the Defendants.
[3] Mr. Batman's subsequent affidavit states:

1. I, John Batman, have personal knowledge of the facts and opinions asserted herein.
2. Not calling Marina Stewart to trial as a witness, in my opinion, does not constitute legal malpractice in this case.
3. I have reviewed the affidavit of GROVER MOSKOWITZ (see supra at footnote 1) and agree that under those circumstances Marina Stewart should not have been called to testify at trial as a witness.
4. My affidavit of February 10, 1981, should in no way be taken to infer that GROVER MOSKOWITZ committed legal malpractice or acted below the standard of care in not calling Marina Stewart as a witness at trial.