448 So.2d 549 (1984)
Sandor SZABO and Joan Szabo, His Wife, Appellants,
v.
ASHLAND OIL COMPANY, Exxon Corporation, Allen Chemical Company, and Bostick Chemical, a Division of Usm Corporation, Appellees.
No. 83-9.
District Court of Appeal of Florida, Third District.
March 27, 1984.
*550 Gary E. Garbis, Horton, Perse & Ginsberg, Miami, for appellants.
Dixon, Dixon, Hurst & Nicklaus, and James A. Dixon, Jr., Mitchell, Harris, Canning, Murray & Usich, Highsmith, Strauss, & Glatzer, Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.

ON MOTION FOR REHEARING
FERGUSON, Judge.
Plaintiff brought suit against nine defendants, alleging injury in the course of his employment from exposure to chemical products manufactured by the defendants. Motions for summary judgment were made by four of the defendants on the ground that the action was barred by the statute of limitations.[1] The defendants' motions were supported by plaintiff's own testimony on deposition wherein he stated, with uncertainty, when he first learned that his injuries might be causally related to these chemical products. The testimony was as follows:
Q. Approximately when was it that Dr. Schwartzman told you that he thought that you had some form of illness that was associated or that this numbness was caused by something that you were being exposed to at work?
A. (No response.)
Q. When did he tell you that?
A. I cannot tell you exact time.
Q. Give me a year.
A. I would say '74 or '75.
This action, which is governed by a four-year statute of limitations,[2] was not filed until June, 1981. Based upon plaintiff's testimony, the court entered summary judgment for defendants.
Plaintiff relied on an affidavit by his physician, which was attached to a motion for rehearing of the summary judgment motions, as setting up a factual issue requiring the trial court to reverse its judgment. In that affidavit, Dr. Schwartzman avers that it was not until approximately December, 1977, that he informed the plaintiff of a causal relationship between the chemical products used by the plaintiff in his employment and the disease which is the subject of the lawsuit. Dr. Schwartzman further alleges that it was in 1977 that medical science first established a causal relationship between the use of such products and the disease.
Defendants, citing Kramer v. Landau, 113 So.2d 756 (Fla. 3d DCA 1959), contend that plaintiff's testimony is binding on him and that he should not be permitted, by the affidavit of another person, to repudiate his previous deposition testimony so as to create a jury issue without an attempt to excuse or explain the discrepancy. Conceding a material variance between the testimony of the plaintiff and the affidavit of the physician, plaintiff relies on Willage v. Law Offices of Wallace and Breslow, 415 So.2d 767 (Fla. 3d DCA 1982). Willage holds that a party may give a subsequent affidavit for the purpose of explaining testimony given in a prior affidavit or deposition, as long as the explanation is credible.
The principles of law from Kramer and Willage, although their application is made tempting by the parties, would serve only to cloud the real issue.
The cited cases are inapposite because Dr. Schwartzman's affidavit does not dispute plaintiff's earlier testimony on a material issue. The question propounded to plaintiff did not address the ultimate question  when plaintiff knew or reasonably *551 should have known that he had a cause of action against the named defendants. Rather, the question was when did Dr. Schwartzman tell plaintiff that he thought there was a causal relationship between the illness and "something that [plaintiff was] being exposed to at work." The answer to the propounded question may be probative of, but is not dispositive of, the ultimate question. Dr. Schwartzman's affidavit was, more precisely, the only evidence on a material issue, i.e., when did medical science first establish to a reasonable certainty, a cause and effect relationship between the subject solvents and peripheral polyneutritis. See Brown v. Armstrong World Industries, 441 So.2d 1098 (Fla. 3d DCA 1983) (defendants who rely on statute of limitations must show that cause and effect relationship between product and injury could have been established to a reasonable medical certainty before time for bringing action had expired).
The record shows that, on the statute of limitations question, the defendants simply failed in their burden to demonstrate conclusively the absence of a genuine issue of material fact. See Perez v. Universal Engineering Corp., 413 So.2d 75 (Fla. 3d DCA 1982) (summary judgment was inappropriate where movants failed to show conclusively that plaintiff knew or should have known earlier of existence of cause of action).
We do, however, affirm the summary judgment in favor of appellee Allen Chemical Company for reasons advanced below but not ruled upon by the trial judge. See Hester v. Gatlin, 332 So.2d 660, 663 (Fla. 2d DCA 1976) and cases cited therein. Allen's sworn statement that it was not a manufacturer, distributor, or seller of the products in question was not disputed in the trial court, nor is it challenged here on appeal. We have reviewed the additional contentions of the other appellees, and find that they are without merit.
Affirmed in part; reversed in part, and remanded.
NOTES
[1] The defendants also asserted other grounds as a basis for summary judgment. While noting that these other grounds appeared to have merit, the trial court ruled only on the statute of limitations defense.
[2] § 95.11(3), Fla. Stat. (1981).