472 So.2d 851 (1985)
William T. CARY, et ux., Plaintiffs/Appellants,
v.
KEENE CORPORATION, et al., Defendants/Appellees.
No. BC-14.
District Court of Appeal of Florida, First District.
July 16, 1985.
*852 Thomas J. Pearson, and Harold L. Sosobee, Jr., of Thomas J. Pearson & Associates, Houston, Texas; and Richard Warfield, of Levin, Warfield, Middlebrook, Mabie, Thomas, Mayes & Mitchell, Pensacola, for plaintiffs/appellants.
Norwood S. Wilner, of Zisser, Robison, Spohrer, Wilner & Harris, P.A., Jacksonville, for defendant/appellee Keene Corp.
SHIVERS, Judge.
Appellant, plaintiff below, appeals the trial court's entry of final summary judgment on behalf of defendant, Keene Corporation. We agree with appellant and reverse the entry of final summary judgment.
Plaintiff/appellant, Mr. Cary, worked as a mechanic and insulator with Alabama Dry Dock and Shipbuilding Company from 1941 until 1950 and with Monsanto Company from 1953 until 1982. On May 6, 1982, he filed a complaint alleging that he was suffering from asbestosis as a result of his long-term exposure to the defendant's asbestos-containing insulation materials. In addition to the Keene Corporation, plaintiff joined 17 other defendants who allegedly mined, manufactured, processed, imported, converted, compounded, or sold asbestos or asbestos materials during the period of Mr. Cary's exposure. The complaint alleged negligence, breach of implied warranty of merchantability, and strict liability, and asserted three alternative theories of liability in the event the plaintiff was unable to demonstrate which particular defendants sold or manufactured the products to which he was exposed.
On April 9, 1984, the plaintiff was deposed by the defendants. During the deposition, Mr. Cary was unable to recall the brand names of any of the asbestos products he had used. He explained that the insulation materials were removed from their boxes or containers by other workers before they were used by Mr. Cary, and that he never looked at the packages. Mr. Cary stated several times during the deposition that the asbestos products he had used all looked alike to him.
On April 26, 1984, appellee/Keene Corporation filed a motion for summary judgment alleging that there were no material issues of fact in dispute and that the plaintiff was not injured by any of Keene's products. The motion was based upon (1) the plaintiff's failure to specifically identify, at deposition, any of Keene's products as those to which he had been exposed, and (2) plaintiff's failure to place an "X" (signifying identification) beside any of Keene's products in Plaintiff's Answers to Interrogatories.
A hearing on the motion was held on June 19, 1984. At that time, appellant presented to the court an affidavit in which he named specific products manufactured by Keene Corporation or its corporate predecessors, as products to which he had been exposed from 1953 until 1982. Keene responded to the affidavit by letter to the *853 court, in which he asserted that plaintiff's affidavit contradicted his earlier deposition testimony and should not be considered by the court. Keene argued that plaintiff had failed to submit any "genuine" affidavit connecting himself to defendant's products. The appellant then filed a memorandum of law opposing Keene's motion for summary judgment. In the memorandum, appellant explained that, since the taking of the deposition, he had reviewed a list of all the asbestos-containing products manufactured by the 18 defendants. Appellant stated that, after careful review of the list, he was able to identify specific products of Keene as those to which he had been exposed during his career. After consideration of the above, the trial court granted final summary judgment on behalf of Keene Corporation.
As the affidavit of Mr. Cary was the only proof submitted by the appellant, he submits that it is clear that the trial court failed to consider the affidavit. Appellant argues on appeal that the trial court erred in excluding the affidavit, and that, had the affidavit been considered, it would have been sufficient to prove the existence of a genuine issue of fact. We agree.
It is a well-settled rule that a party, when met by a motion for summary judgment, may not repudiate or contradict by affidavit his previous deposition testimony so as to create a jury issue. Ellison v. Anderson, 74 So.2d 680 (Fla. 1954). An exception to the rule arises where there is a "credible explanation by the affiant as to the reason for the discrepancy between his earlier and later opinions." Croft v. York, 244 So.2d 161, 165 (Fla. 1st DCA), cert. denied, 246 So.2d 787 (Fla. 1971). An unsubstantiated assertion is not sufficient to overcome the effect of the prior testimony, however, and the explanation must appear either in the affidavit itself or, viewed as a whole, the record must support the explanation. Elison v. Goodman, 395 So.2d 1201 (Fla. 3d DCA 1981); Borders v. Liberty Apartment Corporation, 407 So.2d 232 (Fla. 3d DCA 1981).
We feel that appellant's affidavit complied with the above rules and should have been considered by the trial court as proof of the existence of a genuine issue of material fact. First, during the deposition, the appellant did not testify that he was not exposed to any of Keene's products, but merely stated that he could not recall the specific brand names of the products he had used. The fact that appellant was later able to recall the names of several of Keene's products after a careful review of a products list does not repudiate his previous deposition testimony. Second, even if the deposition and affidavit had been inconsistent, the explanation provided in the appellant's memorandum of law would have provided a sufficient "cure."
Therefore, we find that the affidavit submitted by the appellant should not have been excluded from consideration and was sufficient to establish the existence of an issue of material fact. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Landers v. Milton, 370 So.2d 368 (Fla. 1979). As we reverse on this ground, we find it unnecessary to address appellant's other arguments on appeal.
REVERSED.
ERVIN and JOANOS, JJ., concur.