PER CURIAM.
The trial court, believing that the trial testimony of one of the appellants was in direct conflict with that appellant’s prior deposition testimony, granted the appellees’ Motion for Directed Verdict,[1] acting pursuant to the perceived authority of Williams v. Duggan, 172 So.2d 844 (Fla. 1st DCA 1965). Without addressing the possible applicability of Williams v. Duggan to this case, or the merits of the Williams v. Duggan decision itself, we note that an examination of the said deposition and trial testimony does not reflect a clear or direct conflict between the two.
Accordingly, the directed verdict entered on behalf of the appellees is reversed and this cause is remanded for such other proceedings as may be consistent with the ver-diet that the jury returned in favor of the appellants.
Reversed and remanded.

. In granting the appellees' Motion for Directed Verdict, the trial court's order provides that, in the alternative, the trial court was also granting the appellees a new trial. That action is equally unsupported by the record and, of necessity, must also be reversed.