988 So.2d 687 (2008)
Cynda FUTCH and Willie Futch, her husband, Appellants,
v.
WAL-MART STORES, INC., an Arkansas corporation, Appellee.
No. 1D07-2644.
District Court of Appeal of Florida, First District.
July 31, 2008.
*688 Stuart B. Yanofsky of Stuart B. Yanofsky, P.A., Plantation, for Appellants.
J. Andrew Talbert and Michael E. Fenimore of Bozeman, Jenkins & Matthews, P.A., Pensacola, for Appellee.
*689 WOLF, J.
Cynda Futch and Willie Futch, her husband, plaintiffs in the trial court, raise one issue on appeal: whether the trial court erroneously granted summary judgment in favor of appellee, Wal-Mart Stores, Inc., based on the impact rule. The trial court granted summary judgment based on lack of physical injury. The affidavit of Mrs. Futch, filed in opposition to the motion for summary judgment, however, raised issues of material fact regarding whether she had been touched. Under these circumstances, reversal is mandated. See Willis v. Gami Golden Glades, LLC, 967 So.2d 846 (Fla.2007).
Cynda Futch and Willie Futch filed a two-count complaint on January 20, 2006, following the abduction of Cynda Futch from the Wal-Mart parking lot on November 22, 2002. Count I sought damages for negligent infliction of emotional distress caused by appellee's alleged negligence in failing to provide reasonable security. Count II sought damages for loss of consortium resulting from the negligent infliction of emotional distress.
Wal-Mart Stores, Inc., the defendant in the trial court, filed an amended motion for summary judgment asserting that appellants were barred from recovery based on Florida's impact rule.
Appellant testified at deposition that she was employed by Wal-Mart when the abduction occurred after she finished her shift at 8 p.m. Appellant stated that she requested and was denied an escort to her vehicle prior to leaving the store. Appellant further explained that she was walking out to her pickup truck when she was abducted at gunpoint by two assailants in the parking lot. It was later discovered that the gun was fake. In her answers to interrogatories appellant stated the following:
[One of the assailants] pulled a gun and ordered me to get in the truck. I held out my keys and begged him to just take the truck, several times. I was completely blocked in. He kept ordering and then he forced me into the truck. He then climbed in, over me, and ordered me to drive to the front of another store where his friend got into the passenger seat.
During the 4-hour drive, appellant stated that she first drove and then sat in her truck between the assailants. Appellant was eventually released at a Waffle House several hours from her home, where she had to wait to be picked up by her husband.
Appellant stated in her deposition that she could not remember whether she had been "physically touched" by the assailants. The following statements were made during appellant's deposition:
Defense: During the assault  or during the abduction, the entire abduction, did either of the assailants physically touch you, did they lay hands on you?
Appellant: I can't remember if they did or not.
. . . .
Defense: Okay. And so I guess if you don't remember that you were physically touched by the assailants is it safe to assume that you were not physically injured? Is that right?
Appellant: I guess. Yeah.
Defense: No one tied you up?
Appellant: No.
Defense: Okay. I know it was  I'm sure that it was emotionally exhausting and an emotionally, anxiety-producing event, but I want to focus now on the physical part, okay? What I'm hearing you tell me is that physically you were not harmed?
Appellant: Correct.

*690 Defense: Okay. And that physically, at least as far as you can recall, you were not touched?
Appellant: As far as I can  yeah.
Appellant filed a sworn affidavit in opposition to Wal-Mart's request for summary judgment. In the affidavit, she indicated that, while she had not been physically injured during the abduction, she had in fact been physically touched by her assailants. Specifically, the affidavit stated:
6. It was physically impossible for my assailants to climb over me without touching me in any way whatsoever.
7. It was physically impossible for three people to ride in the front seat of my pickup truck without touching one another.
8. At times, I was driving, and being touched by my kidnaper who sat in the middle seat.
9. At other times, I was seated in the middle and in physical contact with both assailants, while one drove and the other was on the passenger side.
10. During my deposition, I stated that I had not been "touched" by the assailants. At all times when the word "touched" was used, I felt it was in the context of assault or sexual touching, and my answers were given in that sense.
11. I acknowledge, and have stated that I was not injured, physically. It was always in that sense that I have said that I was not "touched."
Following arguments on the motion for summary judgment, the trial court entered an order granting the motion in favor of appellee stating in pertinent part:
The Impact Rule is applicable to the facts of this case. As there is no evidence of any physical injury to plaintiff, and she seeks to recover emotional damages only, based on the allegedly negligent acts of defendant, Wal-Mart, plaintiffs' claims are accordingly barred by the Impact Rule and summary judgment is appropriate.
Therefore, it is ORDERED AND ADJUDGED that defendant's Motion for Final Summary Judgment based on Florida's Impact Rule is GRANTED.
In reviewing an order granting final summary judgment by the trial court, this court applies the de novo standard of review to determine whether there are genuine issues of material fact and whether the trial court properly applied the correct rule of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000). A summary judgment is appropriate only when there is not the slightest doubt as to any issue of material fact. Aloff v. Neff-Harmon, Inc., 463 So.2d 291, 294 (Fla. 1st DCA 1984). The facts must be viewed most favorably to appellant. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) ("The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought."). The Moore opinion further states:
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
Id.
The court will look at any affidavits, answers to interrogatories, admissions, depositions, and other materials, as would be admissible in evidence. See Fla. R. Civ. P. 1.510(c).
*691 Appellee asserts that appellant's affidavit directly contradicts her deposition testimony and should be stricken from the record. Appellee cites Ellison v. Anderson, 74 So.2d 680 (Fla.1954), to support its claim, but fails to mention the exceptions to the rule. The court in Ellison held that a party may not file an affidavit directly contradicting the affiant's sworn testimony in order to create a question of fact and thus avoid the entry of summary judgment. 74 So.2d at 681. However, "[a]n exception to the rule arises where there is a `credible explanation by the affiant as to the reason for the discrepancy between his earlier and later opinions.'" Cary v. Keene Corp., 472 So.2d 851, 853 (Fla. 1st DCA 1985) (quoting Croft v. York, 244 So.2d 161, 165 (Fla. 1st DCA 1971)). If such an explanation is made, the exclusionary rule is not applicable and the affidavit may be considered by the court. Croft, 244 So.2d at 165. In Cary, the court held that the explanation must either appear in the affidavit or be supported by the record. 472 So.2d at 853. Further, in Cary, the court held that the affidavit met these requirements when the appellant was unable to recall certain facts during his deposition, but clarified his position in a later affidavit. Id.
In this case, the Ellison rule does not apply because it has not been shown that appellant's affidavit directly contradicts her deposition testimony. Even if we were to find the statements were contradictory, the affidavit should not be stricken from the record. Appellant provided a credible explanation for the discrepancy in her affidavit when she explained that she misunderstood the word "touched" to mean assault or sexual touching, not merely physical contact. The affidavit supports this explanation by pointing out appellant's statements in her interrogatory answers which logically imply that contact occurred between appellant and her assailants.
As to the impact rule, the trial court erred in focusing on whether physical injury occurred as opposed to considering whether issues of material fact existed concerning whether Mrs. Futch had been touched during her abduction.
Originally, Florida courts barred claims for damages resulting from negligent infliction of emotional distress unless some physical injury had been inflicted and the mental injury was so connected that is was not severable from the physical injury. Int'l Ocean Tel. Co. v. Saunders, 32 Fla. 434, 454, 14 So. 148 (Fla.1893). This rule has become known as the "impact rule." However, courts have gradually diminished the impact rule's applicability by creating exceptions to the rule or applying the rule less strictly. See Fla. Dep't of Corr. v. Abril, 969 So.2d 201 (Fla.2007); Rowell v. Holt, 850 So.2d 474 (Fla.2003); Gracey v. Eaker, 837 So.2d 348 (Fla.2002); Hagan v. Coca-Cola Bottling Co., 804 So.2d 1234 (Fla.2001); Zell v. Meek, 665 So.2d 1048 (Fla.1995); Kush v. Lloyd, 616 So.2d 415 (Fla.1992).
Since the filing of this appeal, the Florida Supreme Court took the opportunity to address the status and application of the impact rule in Willis and confirmed that the impact rule only bars cases in which the plaintiff claims mental or emotional injury but has not sustained any physical contact. Willis, 967 So.2d at 850. In Willis, a hotel guest brought a negligence action against a hotel owner for psychological damage allegedly suffered after she was robbed and assaulted at gunpoint while parking her car across the street as directed by hotel security. The testimony of the plaintiff established that her assailant made contact with her left temple with his gun and made other physical contact when he searched her body for money and *692 other belongings. Id. Upon viewing the facts in a light most favorable to the plaintiff, the court concluded that the contact sustained by the plaintiff was more than sufficient to qualify as an impact giving rise to a valid cause of action for emotional distress. Id.
This holding reiterated that, for a plaintiff to have endured a contact sufficient to render an action sustainable, the plaintiff need meet only slight requirements. Id. The Willis court once again quoted with approval the holding in Eagle-Picher Industries, Inc. v. Cox which stated:
The essence of impact, then, it seems, is that the outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body.
Id. (quoting Eagle-Picher Industries, Inc. v. Cox, 481 So.2d 517, 527 (Fla. 3d DCA 1985)).
Because Mrs. Futch's affidavit raised issues of fact as to the applicability of the impact rule, we reverse the summary judgment and remand for further proceedings.
THOMAS and ROBERTS, JJ., concur.