DAVIS, J.
Appellant, Jeffrey John Silha, appeals an order granting summary judgment in favor of Appellees. He argues that, contrary to the trial court’s determination, the Department of Highway Safety and Motor Vehicles (“Department”) lacked the authority to revoke his Florida driving privilege for four convictions of driving under the influence (“DUI”) when he did not have a Florida driver’s license, did not reside in Florida, and did not receive the triggering conviction in Florida. For the reasons that follow, we reject Appellant’s argument and affirm.
As found by the trial court, Appellant was convicted in Florida of a third DUI in 1996. In late 1996, Appellant left Florida and was convicted in 1999 of a fourth DUI in Georgia. Appellant’s Florida driver’s license had expired at the time of the Georgia conviction. After receiving notice from the Georgia authorities of the fourth conviction, the Department permanently revoked Appellant’s driving privilege effective November 23, 1999, and sent notice to Appellant’s last known address. Appellant was extradited to Florida in April 2000 on an outstanding arrest warrant and was in the custody of the Florida Department of Corrections until September 22, 2000. In 2002, Appellant obtained an Arkansas driver’s license. In 2010, Arkansas authorities refused to renew Appellant’s license due to his driving status in Florida. Appellant, who first learned of the Florida revocation after Arkansas refused to renew his license, sought a declaratory judgment and injunctive relief against Appellees. Appellant moved for summary judgment, and Appellees filed a cross motion for summary judgment. The trial court granted Appellees’ motion, denied Appellant’s motion, and ordered that the permanent revocation of Appellant’s driving privilege remain in effect. This appeal followed.
A trial court’s ruling on summary judgment is reviewed de novo. Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 690 (Fla. 1st DCA 2008). In reviewing a summary judgment, an appellate court must determine whether there are genuine issues of material fact and whether the trial court applied the correct rule of law. Id. Appellant challenges only the trial court’s legal conclusion in this appeal.
In determining that the Department was authorized to revoke Appellant’s driving privilege, the trial court properly relied upon section 322.23, Florida Statutes (1999), which is entitled “Suspending privileges of nonresidents and reporting convictions,” and which sets forth in subsection (1) that “[t]he privilege of driving a motor vehicle on the highways of this state, given to a nonresident, shall be subject to sus *822 pension or revocation by the department in the same manner and for the same cause as a license issued by the department may be suspended or revoked.” (Emphasis added). We reject Appellant’s argument that subsection (1) authorizes the Department to suspend or revoke a nonresident’s driving privilege only for a conviction that occurs in Florida. We interpret the provision to mean that if the Department is authorized to revoke a Florida resident’s driver’s license for having three DUI convictions within Florida and the fourth DUI conviction in another state, then it is authorized to revoke a nonresident’s driving privilege under the same scenario. Our reading of other provisions in chapter 322 leads us to conclude that the Department has the authority to revoke a Florida driver’s license under those facts.
Section 322.26(l)(a), Florida Statutes (1999), which the trial court also cited in its order, provides that “[t]he department shall forthwith revoke the license or driving privilege of any person upon receiving a record of such person’s conviction of any of the following offenses: ... a fourth violation of s. 316.193 [DUI]-” A revocation under section 322.26(l)(a) is permanent. Section 322.24, Florida Statutes (1999), authorizes the Department “to suspend or revoke the license of any resident of the state, upon receiving notice of the conviction of such person in another state or foreign country of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of his or her license.” Pursuant to these two statutes, the Department would have been entitled, had Appellant had a Florida license, to revoke that license based upon his fourth DUI which occurred in Georgia. It, therefore, follows that the Department was authorized under section 322.23(1) to revoke Appellant’s privilege to drive in Florida as a result of his fourth DUI conviction.
Our interpretation of the statutes cited herein is supported not only by the statutes’ plain language but also by the legislative intent behind the statutes. As a result of the revocation, Appellant is now prohibited from operating a motor vehicle in Florida under a license or permit issued in any other jurisdiction. See § 322.30(1), Fla. Stat. (1999). The revocation under the facts of this case furthers the legislative intent of keeping Florida drivers safe, denying the driving privilege to those who have demonstrated their indifference to the laws, and discouraging repetition of criminal action. See § 322.263, Fla. Stat. (1999); see also § 322.42, Fla. Stat. (1999) (providing that chapter 322 “shall be liberally construed to the end that the greatest force and effect may be given to its provisions for the promotion of public safety”).
Accordingly, we AFFIRM.
RAY and SWANSON, JJ., concur.