PER CURIAM.
Appellant, Bankers Insurance Company (Bankers), appeals a final summary judgment. We reverse and remand.
Appellee, David Ramirez (Ramirez), purchased an automobile insurance policy from Bankers. The effective date for this policy was October 20, 1989. On December 6, 1989, Bankers mailed a notice of cancellation to Ramirez. The effective date of the cancellation was January 20, 1990.
On February 11, 1990, the subject automobile was damaged and Ramirez made a claim to Bankers. At this point, Ramirez was informed, he claims for the first time, that his policy was cancelled.
Ramirez sued Bankers, and subsequently moved for summary judgment. Ramirez argued that the cancellation was ineffective because the reason stated on the notice was not authorized by section 627.728(2), Florida Statutes (1989). The trial court granted Ramirez’s motion for summary judgment.
Bankers asserts that the cancellation was effective because section 627.728(2)(c), Florida Statutes (1989), authorizes an automobile insurer to cancel a policy for any reason, within sixty days of the policy’s issuance. Ramirez contends that section 627.728(2)(c), Florida Statutes (1989), does not grant insurance companies “carte blanche” to cancel policies within the first sixty days.
Section 627.728(2), Florida Statutes (1989), states:
(2) No notice of cancellation of a policy shall be effective unless it is based on one or more of the following grounds:
(a) Nonpayment of premium.
*367 (b) Material misrepresentation or fraud.
(c) The driver’s license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobilé insured under the policy has been under suspension or revocation during the policy period or the 180 days immediately preceding its effective date or, if the policy is a renewal, during its policy period. This subsection shall not apply to any policy which has been in effect less than 60 days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy. Nothing in this subsection shall apply to nonrenewal. [Emphasis added].
In Sauvageot v. Hanover Insurance Company, 808 So.2d 583 (Fla.2d DCA 1975), this portion of the statute was construed:
As we interpret this statute, Hanover was not required to give twenty (20) days’ notice of cancellation or to state a reason for the cancellation, since the mailing of the notice occurred within sixty days after the issuance of the policy ... By its own terms, subsection (2) does not apply because Hanover’s policy had been in effect less than sixty (60) days.
Sauvageot, 308 So.2d at 585. The court went on to reason that:
The obvious purpose of § [627.728(2) ] is to preclude the cancellation of certain types of casualty policies which have been in effect for more than sixty (60) days except upon good cause.
Sauvageot, 308 So.2d at 585.
In this case, the policy in question was in effect for less than sixty days when the notice of cancellation was mailed. Thus, the cancellation was valid regardless of the reason.
Ramirez claims that Sauvageot does not apply because the statute has been amended since that decision. The relevant portion of the statute, as quoted by the Sauva-geot court from Chapter 70-213, Laws of Florida 1970, reads:
(2) No notice of cancellation of policy shall be effective unless it is based on one (1) or more of the following grounds:
(a) Nonpayment of premium; or
(b) Material misrepresentation or fraud; or
(c) The driver’s license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under the policy has been under suspension or revocation during the policy period or the one hundred and eighty (180) days immediately preceding its effective date, or if the policy is a renewal, during its policy period. This subsection (2) shall not apply to any policy which has been in effect less than sixty (60) days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy. Nothing in this subsection (2) shall apply to nonrenewal.
Ramirez argues that the legislature has amended the statute because the “(2)” after the word “subsection” does not appear in the more recent Florida Statutes. See § 627.728(2)(c), Fla.Stat. (1989).
We note that when Chapter 70-213 was printed and published in the 1970 Supplement to Florida Statutes 1969, there were certain editorial omissions. See § 627.-0852(2). However, nowhere in the Laws of Florida has the legislature shown an intention to amend this statute.
We find that the cancellation in question complied with section 627.728(2), Florida Statutes (1989). Accordingly, we reverse' the summary judgment, and remand for further proceedings.
Reversed and remanded.