GRIFFIN, Judge.
This is the appeal of a summary final judgment entered in favor of the defendants, Seminole Casualty Insurance Company [“Seminole”] and United American Acceptance Corp. [“United”]. The suit arose out of the cancellation of appellant’s policy of automobile insurance for failure to pay additional premium. Following the cancellation, Soto-mayor was involved in an automobile accident resulting in injuries, for which he was denied coverage. We affirm the summary judgment rendered in favor of United, but reverse as to Seminole.
Seminole’s motion for summary judgment sets forth that it received the amount of the premium calculated by Sotomayor’s insurance agent from United, Sotomayor’s premium finance company. Upon review of Soto-mayor’s insurance application, Seminole found there had been a mistake in the calculation of the premium. The premium which had been quoted to Sotomayor, and which had been paid to Seminole, was $302. In fact, according to Seminole’s calculations, the correct annual premium should have been $330.
The procedure to be followed in the event that a premium has been incorrectly calculated is plainly set forth in section 627.7282(1), Florida Statutes. In pertinent part, it provides that upon a determination of an insurer that the policyholder has been charged an incorrect premium:
[T]he insurer shall immediately provide notice to the policyholder of the amount of additional premium due to the insurer and that the policyholder has the following options:
(a) The policyholder has a period of 10 days, or a longer period if specified by the insurer, from receipt of the notice within which to pay the additional amount of premium due and thereby maintain the policy in full force under its original terms.
(b) The policyholder has a period of 10 days, or a longer period if specified by the insurer, from receipt of the notice within which to cancel the policy and demand a refund of any unearned premiums. [Emphasis added].
The insurance contract issued to Sotoma-yor contained two provisions, one entitled “our right to recompute premium” and the other entitled “termination.” In combination, these provisions are practically identical to section 627.7282, except the contract re-
*665 quired Seminole to give Sotomayor fifteen days’ notice, not ten.
The notice sent to Sotomayor is reproduced below.
[[Image here]]
The notice manifestly does not meet the requirements of 627.7282(1) or the insurance contract.
Although there seem to be no material facts in dispute in this case, Seminole failed to establish below as a matter of law that it was entitled to judgment. Seminole did not establish that it did what the statute and policy required in order to inform the insured of the premium calculation error and his options. Because the notice was inadequate, Seminole could not cancel the policy for the failure to pay additional premium due.
Seminole urges that section 627.7282 is not the controlling statute because Seminole has an absolute right to cancel the policy for any reason within sixty days after issuance pursuant to section 627.728(2)(c), Florida Statutes. Even if this unfettered right to cancel exists, see Bankers Insurance Co. v. Ramirez, 597 So.2d 366 (Fla. 3d DCA 1992), it does not avoid the obligation on Seminole’s part to comply with the appropriate notice provision, which in this case is section 627.7282(1), and its own insurance contract.
Seminole alternatively argues that even if its original notice was insufficient, it became sufficient if read in combination with its subsequent notice of cancellation because that notice provided that cancellation would be effective on a date thirteen days hence. This document, however, cannot substitute for Seminole’s obligation to comply with section 627.7282(1) by giving proper notice of additional premiums due.
Finally, Seminole complains that appellant did not raise the insufficiency of the notice. We do not have a transcript of the summary judgment hearing to know what was argued below but this point does appear in the legal memorandum appellant filed below. In any event, the burden was on Seminole to establish that, as a matter of law, it was entitled to judgment. On Seminole’s moving papers and the record in this case, it was not entitled to summary judgment.
AFFIRMED in part; REVERSED in part; and REVERSED.
HARRIS, C.J., and THOMPSON, J., concur.