THOMAS, J.
Appellant appeals the trial court’s entry of a summary judgment stemming from his complaint for declaratory action and breach of contract. Appellant contends the trial court erred by finding that section 627.7282, Florida Statutes, does not invalidate the cancellation of his automobile insurance policy with Appellee New Hampshire Indemnity Company (NHIC).[1] For the reasons explained below, we affirm.

Factual Background

Appellant’s father gave his son a Ford F-150 truck and in August 2007 set up an automobile insurance policy in his son’s name. The six-month premium on the policy at that time was $926.14. In January 2008, the father informed the agent at the local insurance office that his son’s residence had changed from Gainesville to Jacksonville. The father testified that the agent confirmed the change of address, effective January 28, 2008, and told him to wait until the premium’s due date to return to the office to pay the full premium, in the event the premium changed as a result of the new address. The father returned to the office on February 6, 2008, and, upon being told the premium amount had not changed, paid the six-month premium of $926.14.
Appellant’s change of address resulted in a $321.18 premium increase, and an amended declaration page was sent to Appellant at his new address on the samé day. A bill for this additional amount was mailed to Appellant on February 7, 2008. This bill went unpaid and was followed by two more bills in March and April 2008. In May 2008, a notice of cancellation was sent to Appellant informing him that he *431 had until June 13, 2008, to pay the amount owed or the policy would be cancelled. The bill remained unpaid, and the policy was cancelled on that date. Appellant testified he recalled receiving mail from the insurance company at his Jacksonville address, but he did not open it because he assumed his father had paid the premium and everything was in order.
Two days after the policy cancellation, Appellant was involved in an automobile accident with another vehicle, resulting in injury to Appellant and damage to the Ford. NHIC denied coverage for the accident, and Appellant filed the instant action. In his complaint, Appellant acknowledged the June 13, 2008, cancellation, but alleged the cancellation is void because it violates section 627.7282, Florida Statutes. NHIC’s affirmative defenses included: (1) section 627.7282 does not apply to the subject policy; (2) Appellant waived his right to dispute the policy cancellation by failing to respond to several cancellation notices; and (3) NHIC complied with all of Florida’s statutes regarding cancellation.
At the hearing on NHIC’s motion for summary judgment, NHIC argued that section 627.7282, which requires certain notification procedures in the event an insurer charges an incorrect premium, does not apply because the increased premium was not “incorrect.” In addition, it asserted the statute only applies to incorrectly calculated premiums based on an insurance application when a policy is initiated, not to policy renewals.
In response, Appellant conceded that pursuant to Florida law, all required cancellation notices had been sent and that the premium did not violate the rate filing with the Office of Insurance Regulation. Appellant alleged, however, that when his father went into the independent agent’s office, the agent looked up the premium on her computer and stated that the premium was $926, not the increased premium later requested. Appellant asserted the incorrectly charged premium required NHIC to send a “three option letter” pursuant to section 627.7282(1), and that its failure to do so rendered the cancellation ineffective.
The trial court entered an order granting summary judgment in favor of Appel-lees, finding section 627.7282 did not invalidate the cancellation notice because the increased premium for the change of address occurred during the prior policy period; thus, the trial court opined that because an amended declaration page was sent to Appellant on January 28, 2008, prior to the renewal policy period beginning, the premium charged was not “incorrect” under the statute.

Analysis

Our review of the trial court’s summary judgment is de novo. See Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 690 (Fla. 1st DCA 2008) (“In reviewing an order granting final summary judgment by the trial court, this court applies the de novo standard of review to determine whether there are genuine issues of material fact and whether the trial court properly applied the correct rule of law.” (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)).
This case requires us to determine whether section 627.7282, Florida Statutes, applies only to situations involving incorrectly charged premiums pursuant to an application for insurance, or whether it also applies to incorrectly charged premiums when a policy is renewed. This statute provides, in pertinent part:
(1) Upon a determination by an insurer that, in accordance with its rate filings and the applicable laws of this state relating to private passenger motor vehicle insurance, a policyholder has been charged a premium that is incorrect for *432 the coverage set forth in the insurance application, the insurer shall immediately provide notice to the policyholder of the amount of additional premium due to the insurer and that the policyholder has the following options:
(a) The policyholder has a period of 10 days, or a longer period if specified by the insurer, from receipt of the notice within which to pay the additional amount of premium due and thereby maintain the policy in full force under its original terms.
(b) The policyholder has a period of 10 days, or a longer period if specified by the insurer, from receipt of the notice within which to cancel the policy and demand a refund of any unearned premiums.
(c) If the policyholder fails to timely respond to the notice, the insurer shall cancel the policy and return any unearned premium to the insured. The date on which the policy will be canceled shall be stated in the notice and shall in no case be less than 14 days after the date of the notice.
[[Image here]]
(4) This section shall not be construed to limit insurers’ rights to cancel in accordance with applicable provisions of the insurance code.
§ 627.7282, Fla. Stat. (emphasis added).
As he did in the proceedings below, Appellant concedes that if this statute does not apply to the renewal of his policy, NHIC is entitled to summary judgment. Appellant also concedes that NHIC did not fail in its obligations pursuant to section 627.728 relating to notices of cancellation; rather, he argues that NHIC failed to provide the “three option letter” required by section 627.7282(1)(a)-(c) when an insured has been charged an improper premium pursuant to the insurer’s rate filings and Florida law. In so arguing, Appellant relies on Sotomayor v. Seminole Casualty Insurance Company, 650 So.2d 663, 664 (Fla. 5th DCA 1995), in which the court held that an insurer’s right to cancel a policy does not void its obligation to comply with the notice provision in section 627.7282(2).
To determine whether section 627.7282 applies to insurance policy renewals or amendments, and not just applications for coverage, “[t]he plain meaning of the statute is ... the starting point.” GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007). “Thus, if the meaning of the statute is clear then this Court’s task goes no further than applying the plain language of the statute.” Id.
Here, section 627.7282(1) plainly and unambiguously states that it is applied when an insured has been charged an incorrect premium “that is incorrect for the coverage set forth in the insurance application .... ” § 627.7282(1), Fla. Stat. (emphasis added). We think the term “application” is unambiguous. An application in the context of insurance is, by definition, a request for coverage; although the terms of coverage may change, along with the premium, it does not negate this fact. Had the Legislature intended for this statute to also apply to policy renewals or amendments, it could easily have stated as much. Indeed, the Legislature has enacted two statutes that specifically address renewals. See § 627.7277; § 627.728 (defining “renewal” as “the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term”). Thus, it is clear that there is no application process contemplated when a policy is renewed.
*433 Further support for our analysis is found in Florida Administrative Code Rule 690-167.002, which provides guidelines for insurers with respect to sections 627.728 and 627.7281. Rule 690-167.002(1) provides, in pertinent part:
Pursuant to the provisions of Section 627.728, F.S., any insurer which issues a policy of private passenger motor vehicle insurance in this state shall be required to complete the underwriting of the policy and make a final determination of the correct premium for the coverage set forth in the insurance application within 60 days after the effectuation of coverage.
(Emphasis added.) Subsection (2) of the rule provides, in relevant part:
In the event that an insurer issues a policy of private passenger motor vehicle insurance and timely determines that the policyholder has been charged an incorrect premium, the insurer shall provide notice to the policyholder as provided in Section 627.7282, F.S.
It is clear from reading these provisions that section 627.7282 applies to situations when an insurer sets an incorrect premium at the time an insured applies for insurance coverage. It is at this time that an insurer is provided with all of the pertinent information it needs to make its premium calculation, whereas a renewal is little more than an extension of the original contract via payment of the premium. Furthermore, as illustrated in this case, an insured does not complete another application when amending the policy information to reflect, as here, a change of address. That the premium may rise or fall while the coverage is in effect due to changes in circumstances does not mean that there has been a new application for insurance.
Nor does Appellant’s reliance on Soto-mayor offer him any assistance. That case arose out of an insurer’s cancellation of a policy due to Sotomayor’s failure to pay an additional premium. Sotomayor, 650 So.2d at 664. The insurer moved for summary judgment, stating that it received Sotomayor’s premium payment from an independent agent but that, “[u]pon review of Sotomayor’s insurance application, [the insurer] found there had been a mistake in the calculation of the premium.” Id. (emphasis added). The issue was whether the insurer complied with the cancellation requirements set forth in section 627.7282. The insurer argued that the statute did not apply because it had “an absolute right to cancel the policy for any reason within sixty days after issuance pursuant to section 627.728(2)(c), Florida Statutes.” Id. The Fifth District disagreed, holding “Even if this unfettered right to cancel exists, it does not avoid the obligation on [the insurer’s] part to comply with the appropriate notice provision, which in this case is section 627.7282(1), and its own insurance contract.” Id. (citation omitted). Significantly, the situation in Sotomayor involved an initial application for insurance, not a policy renewal.
As noted, Appellant concedes, and we agree, that NHIC’s cancellation was otherwise effective, pursuant to section 627.728. Furthermore, subsection (4) of section 627.7282 provides that subsection (1) does not limit an insurer’s right to cancel a policy in accordance with other provisions of the insurance code. Thus, because we are constrained by the statute’s plain language, NHIC was entitled to summary judgment on the issue qf whether it properly and effectively cancelled the subject insurance policy.
We note that although the trial court did not use this rationale in granting summary judgment, this does not affect our decision. See D.R. Horton, Inc.-Jacksonville v. Peyton, 959 So.2d 390, 397-98 (Fla. 1st DCA 2007) (holding under “tipsy coachman” *434 rule, when trial court reaches right result, but for wrong reasons, that decision will be upheld on appeal if there is any basis in the record which would support judgment).

Conclusion

For the foregoing reasons, we AFFIRM the trial court’s entry of summary judgment.
HAWKES, J., Concurs.
WOLF, J., Dissents with Written Opinion.

. Appellees Devens, State Farm, and Harnage are not involved in this appeal.